(No. 29649.—

RUTH WILL MUELLER, Appellant, *vs.* ELM PARK HOTEL COMPANY, Appellee.

*Opinion filed September 18, 1947—Rehearing denied Nov. 17, 1947.*

Hy. Smoller, and Marion J. Hannigan, (Wendell H. Shanner, George W. Angerstein, and Charles Wolff, of counsel,) all of Chicago, for appellant.

Hinshaw & Culbertson, (Oswell G. Treadway, of counsel,) both of Chicago, for appellee.

Mr. Justice Fulton delivered the opinion of the court:

This case comes here on leave to appeal granted to review the judgment of the Appellate Court for the First District.

The case was tried in the superior court of Cook County, and a verdict was returned for the sum of $25,000 against the hotel company in favor of appellant, who was the plaintiff in the case. Motions for a directed verdict and for judgment notwithstanding the verdict were denied. Originally there were three defendants to the cause. At the close of all the evidence the case was dismissed as to to a defendant building corporation. By its verdict the jury found in favor of the American Fork & Hoe Company, leaving the hotel company as the sole defendant. On motion for a new trial, the court required a remittitur of $7500 and entered judgment on the verdict of the jury for $17,500. The defendant hotel company appealed and the Appellate Court reversed the judgment of the trial court without remanding the cause, on the ground that the burden was on the appellant to prove that she and her employer were not under the Workmen's Compensation Act. This court reviewed that judgment and, because there was no evidence in the record which would make the parties subject to the provisions of the Workmen's Compensation Act, reversed the judgment of the Appellate Court and remanded the cause with directions to consider the other errors assigned in that court. (391 Ill. 391.) On such

remanding order the Appellate Court again reversed the judgment of the trial court.

The facts have been fully stated in both the opinions of the Appellate Court and this court. The appellee, the Elm Park Hotel Company, was managing and operating a hotel in the city of Chicago. Appellant, Ruth Will Mueller, was employed as a waitress in the coffee shop located in the hotel and leased and operated by one Julia Orsulak. She lived in the hotel and received food as part payment for her services.

On the morning of May 5, 1941, one Starlin, the maintenance man for the hotel, on orders from the manager started to make some repairs on the floor in the coffee shop and the front door of the restaurant was closed to patrons. By directions from the manager, Starlin purchased from a nearby hardware store a hatchet and a pinch bar to be used in repairing the floor. The appellant and her employer were sitting at a table some eight or ten feet distant from the place where Starlin was working. While so engaged Starlin used the hatchet as a cutting tool, holding it in his left hand and pounding it with a hammer in his right. During the course of the work a piece of steel broke off the head of the hatchet, and, in flying through the air, struck the appellant in the right ankle, where it became imbedded in her instep. A physician was called, the wound treated and the piece of steel extracted. The wound apparently healed, but a few days afterwards the appellant's heel began to throb and she was sent to a hospital for further attention. She remained in the Cook county hospital for over one year. Her leg became progressively worse and finally developed a permanent disability which her own physician diagnosed as osteomyelitis. The hotel company disputes the appellant's theory and also insists the appellant failed to prove any causal connection between the disabilities complained of and the alleged injury. At the time of the trial she was on crutches,

and she had an open abscess or ulcer on the side of the injured foot.

It is contended by appellant that there is evidence in the record which tends to prove two charges in her complaint of (1) negligent and improper use of the hatchet and (2) negligence in failing to provide proper safeguards during the course of the work performed by Starlin.

The Appellate Court held that the appellant by her attorneys had, during the trial, abandoned the theory that the use of the hatchet in itself was improper, and further held that the sole question to determine was whether it was negligent in law for the servant of the hotel company to do the work prescribed without providing safeguards which would have prevented the injury to appellant. After reviewing the evidence, that court held as a matter of law that the defendant hotel company was not negligent in doing the repair work at the time and in the way it was done. The court, therefore, held that the instruction requested by the defendant for a verdict in its favor at the close of all the evidence should have been granted, and its motion for judgment notwithstanding the verdict should have been allowed.

This court has many times announced that in considering motions of this character the evidence must be considered in its aspects most favorable to the party adverse to the motion. (*Blumb* v. *Getz*, 366 Ill. 273.) Where the effect of the Appellate Court's holding is that there is not evidence sufficient, when considered alone, to sustain the charges in the complaint, it becomes the duty of this court to examine the record to determine whether there is any evidence, which, taken with its intendments most favorable to the plaintiffs, tends to prove the charge of the complaint. *Humbert* v. *Lowden*, 385 Ill. 437.

There is evidence in the record introduced for the purpose of showing negligent and improper use of the hatchet in the repair of the floor. Starlin testified that a chisel

and not a hatchet was the proper tool to use for the performance of the work in which he was engaged. An expert on metal inspection testified that the hatchet head could have chipped off due to the fact that it was hit on the edge of the head with a steel hammer. A witness for the manufacturer of the hatchet, which was then a defendant in the cause, testified that the hatchet was not fabricated for the purpose of applying metal for cutting purposes. The American Fork & Hoe Company, makers of the hatchet, was still one of the defendants in the case during the final argument. A strenuous attempt was made by counsel for appellant to obtain a verdict holding both defendants liable, and in his closing remarks to the jury, he emphasized the liability of the hatchet company and indicated that striking the hatchet with a hammer was not an improper use of such tool. This argument was presented in answer to the contention of the American Fork & Hoe Company that the hatchet had been improperly used by Starlin at the time appellant was injured. However, we do not consider the remarks as absolutely binding upon the appellant or an abandonment of the charge of improper use of the hatchet, because of the confusion over defendants and their several liabilities arising upon the argument. The Appellate Court erred in not considering all of the evidence submitted in the record and particularly the testimony as to the charge of improper use of the hatchet.

The record also discloses that there were no safeguards provided in the vicinity of where the work was being done which would prevent injury to the appellant. The Appellate Court held as a matter of law that the hotel company was not negligent in doing the repair work at the time and in the manner it was done; that in the exercise of ordinary care the servant of the hotel company making the repairs could not have anticipated the accident by which appellant was injured or any similar accident to her.

We believe the finding of the Appellate Court is too broad. The plaintiff was lawfully in the coffee shop at the time of the injury and no charge is made that she was not in the exercise of due care for her own safety upon the occasion in question. A hotel company generally owes a duty to keep the premises in a reasonably safe condition for employees lawfully using the same, and we believe the evidence in this case, construed most favorably to the plaintiff with all reasonable inferences, presents a situation upon which reasonable minds might differ as to whether or not defendant was guilty of negligence in not providing warning or proper safeguards which would have prevented injury to plaintiff. The trial court properly submitted the issue to the jury. (*Tennant* v. *Peoria & Pekin Union Railway Co.* 321 U. S. 29.) Under the authorities and the settled law of this State, this court does not weigh the evidence but it is its duty to review the evidence for the purpose of determining whether or not there is any evidence tending to establish plaintiff's cause of action. *Humbert* v. *Lowden,* 385 Ill. 437; *Blumb* v. *Getz,* 366 Ill. 273.

There is also the question in the case as to whether plaintiff properly proved any causal connection between the disabilities complained of and the alleged injury. We consider it unnecessary to set out in detail the lengthy medical testimony pro and con; sufficient to say that there is competent proof in the record showing that appellant sustained severe injuries which have proved to be permanent.

Complaint is made because of the failure to include in the hypothetical question propounded to the attending physician all the essential facts necessary to a plaintiff's right of recovery. Although given the opportunity at the trial, counsel for appellee neglected and refused to point out the essential facts omitted from the hypothetical question. We have said that, under such circumstances, it was the duty of the defendant to point out the failure to include such

elements in order to afford the plaintiff an opportunity to remedy the defect, if such existed. *Goldberg* v. *Capitol Freight Lines,* 382 Ill. 283.

The Appellate Court erred in holding that, as a matter of law, there was no evidence tending to prove the plaintiff's case. It was not justified in reversing the judgment without remanding the cause for a new trial.

The plaintiff asks that the judgment of the trial court be, by this court, affirmed, which this court has not the power to do. This court has no right to review the evidence in the case except for the purpose as hereinabove stated, of deciding whether or not there was evidence sufficient to go to the jury on the question of plaintiff's cause of action. *Pollard* v. *Broadway Central Hotel Corp.* 353 Ill. 312.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to consider the assignments of error other than the one decided, and to either affirm the judgment of the trial court or to reverse it and remand the cause for a new trial.

*Reversed and remanded, with directions.*