(No. 32476.—

Lela J. Ruspantini, Exrx., Appellee, *vs.* Samuel Steffek, Appellant.

*Opinion filed January 22, 1953.*

THOMAS C. HOLLYWOOD, and PHILIP E. RYAN, both of Chicago, (ODE L. RANKIN, of counsel,) for appellant.

CROWE & ABRAHAMSON, of Chicago, (BURT A. CROWE, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

The appellant, Samuel Steffek, on leave granted by this court, appeals from a judgment of the Appellate Court reversing a judgment rendered in his favor against the appellee in the sum of $10,000 in the superior court of Cook County.

The principal suit was instituted by the appellee, Lela J. Ruspantini, executrix of the estate of Italo Ruspantini, deceased, to recover damages from appellant for the wrongful death of her husband. The defendant in that suit, the appellant here, filed a counterclaim against the original plaintiff and the Indiana Harbor Belt Railroad for injuries sustained by him in the collision. The original suit and the counterclaim against the railroad company were dismissed, leaving for disposition only the counterclaim of the appellant against the appellee. For convenience, the appellant is hereafter referred to as plaintiff, and the appellee as defendant.

The Appellate Court reversed the judgment of the trial court without remanding the cause for a new trial. This action apparently was based upon the theory that even though the evidence did establish negligence on the part of the defendant, there was no proof of due care on the part of the plaintiff and the trial court should have directed a verdict for the defendant or have entered a judgment notwithstanding the verdict.

The rule is well settled that this court will not review the facts as found by the Appellate Court unless the facts so found, in themselves, show that, as a matter of law, a wrong conclusion was reached. (*Walden* v. *Chicago and North Western Railway Co.* 411 Ill. 378. See citations.) The rule is also equally clear that where the Appellate Court's judgment reverses a judgment in favor of plaintiff in an action at law, without remanding the cause for a new trial, it becomes the duty of this court to review the evidence for the purpose of determining, as a matter of law, whether or not there is any evidence which, taken with its intendments most favorable to plaintiff, tends to establish plaintiff's cause of action. *Walden* v. *Chicago and North Western Railway Co.* 411 Ill. 378; *Mueller* v. *Elm Park Hotel Co.* 398 Ill. 60.

It becomes necessary, therefore, in order to determine the question of law involved in this case, to review the evidence for the purpose of ascertaining whether there is any evidence which, taken with its reasonable intendments most favorable to the plaintiff, tends to establish negligence on the part of the defendant and the exercise of reasonable care for his own safety on the part of the plaintiff. *Dee* v. *City of Peru,* 343 Ill. 36.

The collision occurred sometime after midnight of December 20, 1947, on an overpass crossing the tracks of the Indiana Belt Railroad Company south of the city of Chicago. The street and overpass were paved with asphalt. The night was cold and frosty. The plaintiff was driving

south and the defendant north. The highway was a four-lane highway. There were no eyewitnesses to the collision except the plaintiff and the decedent, who died immediately after the occurrence. The plaintiff is barred from testifying by section 2 of the Evidence Act, because the defendant is sued as executrix. There is no evidence of the health or habits of plaintiff creating a presumption of due care. The position of the defendant is that there is no evidence tending to establish due care by the plaintiff and that the Appellate Court is correct in reversing the judgment without remanding the cause to the trial court.

The evidence discloses that a few minutes after the collision both cars were located on the west side of the roadway on the down grade on the south half of the overpass, and that there were skid marks 60 to 80 feet extending diagonally from the northbound lane to the southbound lane and to within a few feet of the plaintiff's car. One witness, Tieri, was driving south and came upon the scene of the collision just a few minutes after the collision. He observed the skid marks and testified that they ran at an angle of 30 degrees from the east side of the roadway close up to the plaintiff's car and indicated a spinning around by the car driven by the decedent. Another witness, Alberson, was working in an office below the overpass. He testified that he heard the crash of the cars, and immediately went up to the scene of the accident. He saw the tire marks which apparently were made by the car going north, being the car driven by the decedent. He further testified that the tire marks were 75 to 80 feet long, and extended to the point where the Chevrolet car, which was the car driven by the plaintiff, was at rest. The Chevrolet car was against the west curb facing south, and the Nash car, being the one driven by the decedent, was facing northeast, with 3 feet between the two cars.

From the foregoing, it seems that there is evidence in the record that the decedent was guilty of negligent

operation of his car at the time of the collision. The facts show that immediately after the accident the plaintiff's car was at the place where a car traveling south on said roadway should be. The decedent's car was also on this same side, indicating that it had crossed from the proper place where a car traveling north over the overpass should be and had come over across the street. The fact that the plaintiff's car was on the right side of the roadway immediately after the collision is evidence that immediately prior to and at the time of the accident he was proceeding down the roadway in a proper place. This is clearly apparent from the testimony concerning the skid marks found on the pavement immediately after the collision. Both cars came to rest on the west side of the pavement, and the decedent's car was within 3 feet of the plaintiff's car. There is nothing in the record to indicate that the plaintiff was negligent in any manner, and, if there is no evidence to that effect, it might well be that he was in the exercise of reasonable care for his own safety. The exercise of due care need not be established by direct and positive testimony but may be inferred from all the facts and circumstances shown to exist prior to and at the time of the collision. (*Shaffner* v. *Massey Co.* 270 Ill. 207.) In the *Shaffner case,* as in the instant case, there were no occurrence witnesses and no proof of health or habits of plaintiff. In the case of *Devine* v. *Delano,* 272 Ill. 166, a switchman was supposedly killed by being knocked or dragged from the side of a car by a gatepost close to the track leading into an industrial plant. There were no eyewitnesses, and no proof of health or habits of plaintiff, and this court, in discussing the circumstances, said: "There was no eyewitness to the accident, and hence the question whether deceased was knocked off by the post depends upon the inferences to be drawn from the testimony. Circumstantial evidence is the proof of certain facts and circumstances in a given case from which the jury may infer other con-

nected facts which usually and reasonably follow according to the common experience of mankind."

After reviewing all the facts in evidence in this case, we have concluded that the question of the exercise of due care on the part of the plaintiff was a question of fact for the jury. The Appellate Court erred in holding that there was no evidence tending to show the exercise of due care on the part of the plaintiff.

The judgment of the Appellate Court is, therefore, reversed and the cause remanded to that court, with directions to consider any other errors relied upon for reversal. *Mitchell* v. *Louisville and Nashville Railroad Co.* 375 Ill. 545. *Reversed and remanded, with directions.*