(No. 33612.—

NELLA BLUE *et al.,* Appellants, *vs.* ST. CLAIR COUNTRY CLUB, Appellee.

*Opinion filed November 23, 1955—Rehearing denied Jan. 16, 1956.*

Hershey, C.J., dissenting.

Walker & Williams, and Kramer, Campbell, Costello & Wiechert, both of East St. Louis, (Ralph D. Walker, Norman J. Gundlach, and R. E. Costello, of counsel,) for appellants.

Pope & Driemeyer, of East St. Louis, (Frank M. Rain, of counsel,) for appellee.

Mr. Justice Daily delivered the opinion of the court:

The plaintiffs filed suit in the circuit court of St. Clair County to recover damages for personal injuries allegedly sustained by Nella Blue as a result of the defendant's negligence and for incidental damages suffered by her husband, Charles Blue, as a consequence thereof. The defendant, in its answer, denied any liability whatsoever for the reason that these injuries resulted either from an act of God or from the plaintiffs' own negligence. Trial by jury resulted in verdicts and judgments being entered for the plaintiffs in the amount of $25,000 and $3000 respectively. Upon review, the Appellate Court for the Fourth District reversed this judgment and held that the injuries were sustained without fault on the part of the defendant. Leave to appeal was thereafter granted by this court.

There is little dispute as to the facts involved. The plaintiffs were members of the defendant country club. On July 13, 1952, they, accompanied by their nine-year-old son, arrived at the club shortly after noon, whereupon Charles

Blue proceeded to play golf, and Nella Blue and the son alternately swam in the pool and sun bathed. At approximately 3:30 o'clock P.M., Nella Blue was sitting with three other women at a table some distance from the pool when the sky became somewhat cloudy and overcast. Two of these ladies proceeded to the clubhouse while Nella and the fourth lady stood up and called to their children who were still swimming. As she did so, Nella also reached for the table umbrella with the intention of collapsing it. However, at that instant, a sudden gust of wind caught the umbrella, hoisted it some 10 to 15 feet into the air, and blew the table against the plaintiff, knocking her to the ground.

The defendant country club was using two different varieties of table umbrellas at this time. The kind that was at the plaintiff's table and which was most prevalent, was called the spear type. In addition, an auger type umbrella was also being used. Although they were similar in size, shape, and appearance, and although both were mounted upon shafts which were inserted through a hole in the table top, they differed materially in the manner by which they were attached. The former had a pointed shaft which was held upright by being jammed into the earth to a depth of from 1 to 1½ inches. The shaft of the latter type, however, was bolted into a screw fixture, which was itself buried from 12 to 18 inches into the ground. Only the spear type was, of course, movable.

There was evidence to show that it was not at all uncommon for the spear type umbrella to be tilted or blown over by the wind. In fact, a former club employee testified that "Any time we had a wind come up the same thing would happen. They would tilt over the tables and fall on the tables and I would have to go out and fix them back again by stabbing them into the ground." This witness also stated that prior to the plaintiff's injury, he had called this problem to the attention of a club official. A club member

testified: "If there was a breeze, the pointed type of umbrellas would blow down and hit the table and would sometimes blow along the ground. The umbrellas would blow away. I had seen that happen frequently before July 13, 1952, on days when it would be windy." No such complaints however were heard of the auger variety.

In order to recover in this case, it was necessary for the plaintiffs to allege and prove (1) that a negligent act was committed by the defendant, (2) that such act was the proximate cause of the injuries incurred, and (3) that they were not contributorily negligent. If there is any evidence which, when taken with its intendments most favorable to the plaintiffs, tends to prove these essential allegations of the complaint, the reversal by the Appellate Court was unwarranted. (*Sims* v. *Chicago Transit Authority*, 4 Ill. 2d 60; *Ruspantini* v. *Steffek*, 414 Ill. 70; *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343.) This is the question which we must now consider.

When a person invites another upon his premises, the law imposes a duty upon that person to exercise reasonable care for his visitor's safety and to warn the visitor of any defects which are not readily apparent. (*Ellguth* v. *Blackstone Hotel, Inc.* 408 Ill. 343; *Pauckner* v. *Wakem*, 231 Ill. 276.) This applies not only to known defects but also to those conditions which could have been known had the landowner used reasonable care. (65 C.J.S. Negligence, p. 526; Restatement of Torts, vol. II, sec. 343.) Neither can this duty to inspect be shifted to the invitee. As is said in Restatement of Torts, vol. II, sec. 343(f): "A possessor who holds his land open to others for his own business purposes, must possess and exercise a knowledge of the dangerous qualities of the place itself and the appliances provided therein, which is not required of his patrons." In this case, several witnesses testified that it was not uncommon for the spear-type umbrellas to blow over and upset the tables to which they were attached.

Evidence was offered showing that the defendant knew this to be a fact prior to the time of the plaintiff's misfortune. Although no previous injuries had resulted from either a flying umbrella or falling table, such could, upon these facts, have been reasonably anticipated. This is especially true when we consider that the umbrella shaft was spear-shape in design and that children were commonly on the premises. Of course, in this case, the plaintiff was not struck by the umbrella. However, in order for liability to attach, it is not necessary that the exact method by which the injury occurred could have been expected. It is sufficient if some resulting injury could have been reasonably foreseen. (*Dowler* v. *New York, Chicago and St. Louis Railroad Co.* 5 Ill. 2d 125; *Ney* v. *Yellow Cab Co.* 2 Ill. 2d 74; *Neering* v. *Illinois Central Railroad Co.* 383 Ill. 366; *Wintersteen* v. *National Cooperage and Woodenware Co.* 361 Ill. 95.) The rule is correctly stated in *Morrison* v. *Flowers,* 308 Ill. 189 (p. 197) : "In order to make a negligent act the proximate cause of an injury it is not necessary that the particular injury and the particular manner of its occurrence could reasonably have been foreseen. If the consequences follow in unbroken sequence from the wrong to the injury without an intervening efficient cause, it is sufficient if at the time of the negligence the wrongdoer might by the exercise of ordinary care have foreseen that some injury might result from his negligence."

The defendant, however, contends that the wind *was* such an act of God as to be an efficient intervening force. There is no merit in this argument. The defendant's own witnesses testified that there was nothing unusual about this particular whirlwind. In fact, although noticed by several people, no one took the trouble to watch it more than a moment. The record indicates that the disturbance, although damaging, was no different from other whirlwinds which were common in this vicinity during the hot

summer months. Such conditions of nature, which experience shows are likely to occur, should also have been reasonably foreseen by the defendant. Restatement of Torts, vol. II, sec. 302.

Neither do we think the plaintiffs were guilty of contributory negligence. Everyone agreed that the wind came up very suddenly, so suddenly in fact that neither Nella Blue nor the club employees were able to close the umbrellas. There was no evidence to show that Nella either knew of the spear-type umbrella's characteristics or that there was, in fact, more than one type in use upon the premises. Furthermore, she was under no duty to inspect for hidden defects. (Restatement of Torts, vol. II, sec. 343(f).) Upon these facts, it could not be said as a matter of law that the plaintiffs were in any manner responsible for their injuries.

In support of its argument, the defendant has cited cases involving injury to spectators at sporting events. There, the courts refused relief to persons injured by batted baseballs or a flying puck, on the grounds that the dangers were perfectly obvious to the general public. Since, here, the dangers were hidden and could not have been readily appreciated, the cited cases are not in point. More similar upon their facts are *Gerhardt* v. *Manhattan Beach Park, Inc.,* 262 N.Y. 698, 188 N.E. 126, and *Brewer* v. *United States,* 108 Fed. Supp. 889. In the former, the court allowed recovery to a patron who was struck by a beach umbrella which was carried into the air by a wind. In the latter case, a sun umbrella blew off a swimming pool lifeguard tower and struck a patron causing fatal injuries. The defendant was held liable on the basis of its negligence in failing to keep the supporting clasp or bracket in proper repair. Of course, a distinction will be noted as to the type of negligence involved. In the *Brewer case,* injury resulted from a failure to properly repair, while in the present situation, no attempt was ever made to adequately secure

the umbrella. Negligence may result in a variety of ways. One may not escape liability by refusing to recognize the danger.

It is our opinion that the record contains evidence which tends to substantiate the plaintiffs' allegations of negligence, proximate cause, and want of contributory negligence and that these issues were properly submitted to the jury by the trial court. We hold, therefore, that the Appellate Court erred in entering judgment notwithstanding the verdict in favor of the defendant, and that said judgment should be reversed. However, inasmuch as this appeal presented only the propriety of the judgment notwithstanding the verdict, and the issues relating to defendant's motion for a new trial were not presented, the cause is remanded to the Appellate Court for the Fourth District for a determination of those issues.

*Reversed and remanded.*

Mr. CHIEF JUSTICE HERSHEY, dissenting:

To my mind, the Appellate Court correctly decided this case, and its opinion, reported in 4 Ill. App. 2d 284, should be affirmed.

By definition, negligence is based on *reasonable* foreseeability; and one does not incur a liability unless he has caused an *unreasonable* risk. Jury verdicts must be judged accordingly. By approving this verdict, I believe the majority have either misapplied the law they profess to be controlling, or, in effect, have so diluted the law of negligence as to make it mean whatever a jury determines in a particular case.