Louis Lakomy and Lillian Lakomy, Plaintiffs-Appellants, v. George H. Hanson, Defendant-Appellee.

Gen. No. 11,369.

Second District, Second Division.

August 25, 1960.

453

B. S. Quigley, of Chicago, for appellants.

No brief filed for appellee.

CROW, P. J.

This is an appeal from an Order of the County Court of DuPage County dismissing the complaint of the plaintiffs-appellants Louis Lakomy and Lillian Lakomy. There was a trial without a jury and at the close of the plaintiffs' evidence the defendant-appellee George H. Hanson moved for a finding and directed verdict in his favor. The Court found that the plaintiffs had failed to prove any of the allegations of the complaint and "ordered, adjudged and decreed that the Complaint at Law be and the same is hereby dismissed."

The plaintiffs in their complaint alleged they were in the exercise of due care, and charged that the defendant failed to exercise reasonable care, failed to keep his automobile under sufficient and proper control and otherwise carelessly and negligently and wilfully, wantonly and maliciously drove, operated and managed it; that he failed to maintain a proper lookout; that he failed to cause the braking mechanism on his automobile to be applied in sufficient time to stop it from striking the plaintiffs' automobile; and that he failed to yield one-half of the roadway to the plaintiffs in violation of the provisions of the statute. The complaint was for property damages to the plaintiffs' motor vehicle allegedly arising out of a collision June 30, 1957 on Clarendon Hills Road in DuPage County, and the ad damnum was for $1209.41.

The defendant-appellee has filed no brief here and we are, under the circumstances, taking the plaintiffs-

appellants' statement of facts in their brief, supplemented by the plaintiffs' evidence, including certain photographs of the plaintiffs' car, as correct. The facts, in substance, are to this effect: On June 30, 1957 the plaintiffs Mrs. Lillian Lakomy and her husband, owned a 1957 Ford Station Wagon. That morning Mrs. Lakomy was undertaking to drive four children from her home to Sunday School and, in doing so, drove her vehicle south on Clarendon Hills Road, a blacktopped public way in DuPage County. The road was not divided or marked by lines but could accommodate two lanes of traffic. There were no posted speed limits. At about 7100 Clarendon Hills Road, an area characterized by scattered homes and farm land approximately one-half mile distant from Mrs. Lakomy's home, there was a well defined hill, the south side of which was obscured to south-bound vehicles until they were almost at its crest. Mrs. Lakomy came upon this hill with her vehicle to the right of the road's center and travelling an estimated 35 miles per hour. No other vehicles were seen. As she approached and almost reached the hill's crest, her vehicle collided with a northbound automobile operated by the defendant, George H. Hanson. The impact occurred on her side of the road, she testified, just about on the crest of the hill, and she did not see Hanson's car until after the impact. The collision was described by Mrs. Lakomy's suddenly feeling an impact on her side of the road, hearing a crash and seeing her vehicle's hood spring up before her face. Her vehicle swerved and skidded from the west side of the road eastward across the road on to the front yard of an adjacent residence and came to rest fully off the road facing southeast. Hanson's automobile remained on the road and was at rest facing west about 100 feet from Mrs. Lakomy's vehicle. A witness called by plaintiffs was standing in his front yard at 7121 Clarendon Hills Road about 100 feet away

455

from the scene when the accident occurred. He did not see the accident. His attention was called to it by the initial noise so that he turned to see the cars separating from their collision. His subsequent examination of the roadway disclosed to him skid marks and drag marks where some metal object had dragged across the blacktop. The marks began on the west side of the road within a foot of the west edge and terminated east of the blacktop off the road to the point where Mrs. Lakomy's vehicle was resting. This mark appeared to have been caused by the dragging of a piece of metal from the bent left front wheel of Mrs. Lakomy's vehicle. Examination of the area did not reveal any skid marks traceable to the Hanson car. Immediately after the accident Mrs. Lakomy noted damage to her vehicle's hood, which was in a raised position, and left side, extending from the front to a little beyond the left front door. The photographs indicate damage to the left front, left side, and left front door. The vehicle was inoperative and required towing.

In our opinion the order simply dismissing the complaint was not a final appealable order, it having none of the provisions customary in a final order to the effect that the suit is dismissed, the defendant go hence without day, and assessing costs, and the present appeal might be dismissed. Owing to peculiar facts, circumstances, delay, and hardship, however, Courts sometimes decline to dismiss appeals even though the order appealed from does not completely dispose of the case and is not a final order: Cf. Bucklen v. City of Chicago (1897), 166 Ill. 451, 46 N. E. 1073, and cases there cited. In the event this appeal should be dismissed because the order appealed from was not a final order, it probably would result in the plaintiffs and defendant being required to appear again in the Trial Court and to have a formal final order entered,

from which presumably the plaintiffs would take another appeal. That would entail some unnecessary delay, hardship, and expense. The same ultimate question would be before us, undoubtedly, on another appeal from such a formal final order as is before us now on this appeal. The only matter here involved is property damages to a motor vehicle. The amount involved is not too large. It is now more than three years since the event occurred giving rise to the suit. The final disposition of the cause will be facilitated by not dismissing this appeal. Under these circumstances, and the defendant-appellee having filed no brief here and made no motion here to dismiss the appeal, we will consider the cause as coming within the exception to the rule and will treat the order as a final appealable order for the purposes only of this particular case.

Under Eichelberger v. Robinson (1924), 233 Ill. App. 579, an order may be reversed and a cause remanded, without consideration on its merits, where the appellee has filed no brief here.

 From the plaintiffs' statement of facts and the plaintiffs' evidence and the reasonable inferences, deductions, implications, conclusions, and intendments arising therefrom, it seems to us that the plaintiffs have made a prima facie case at this stage under one or more of the allegations of negligence in the complaint, and at this stage it does not appear as a matter of law that the plaintiffs were guilty of contributory negligence. The general rule that one cannot look and not see cannot be applied where the Court could reasonably believe that the object to be seen was, under the circumstances, concealed until almost on the plaintiff, the plaintiff being otherwise in the exercise of due care. There is evidence which, taken with its reasonable intendments most favorable to the plaintiffs, tends to establish negligence on the part of the defendant and the exercise of reasonable care on the part of

457

the plaintiffs: Ruspantini v. Steffek (1953), 414 Ill. 70, 110 N.E.2d 198. Absolute, positive, ocular proof is not necessarily required—circumstantial evidence may be sufficient: Rost v. Kee & Chapell Dairy Co. (1920), 216 Ill. App. 497. There being some substantial evidence tending to prove the plaintiffs' allegations, the defendant's motion at the close of the plaintiffs' evidence should have been denied: City of West Frankfort v. Fullop (1955), 6 Ill.2d 609, 129 N.E.2d 682.

The order will, accordingly, be reversed and the cause remanded for a new trial.

Reversed and remanded.

WRIGHT, J., concurs.

SPIVEY, J., concurs.