Jesse M. Thomas, Florence Thomas, Betty Lou Thomas, a Minor, by Jesse M. Thomas, her Father and Next Friend, Jesse M. Thomas, Administrator of Estate of Charles Ray Thomas, Deceased, and Jesse M. Thomas, Administrator of Estate of Vickie Lee Thomas, Deceased, Plaintiffs-Appellees, v. Andy Edwin Smith, and Corrine Wilson, Defendants-Appellants.

Gen. No. 10,071.

Third District.

September 10, 1956.

Rehearing denied October 2, 1956.

Released for publication October 2, 1956.

LeForgee, Samuels & Miller, of Decatur, for defendants-appellants; Carl R. Miller, and Jerald E. Jackson, both of Decatur, of counsel.

McMillen, Garman and Owen, of Decatur, for plaintiffs-appellees.

PRESIDING JUSTICE REYNOLDS delivered the opinion of the court.

This cause arises out of a collision between a Buick automobile driven by Jesse M. Thomas, one of the plaintiffs, and a Ford automobile driven by Andy Edwin Smith, one of the defendants, and owned by Corrine Wilson, the other defendant. The collision occurred about 2:00 o'clock a.m. on July 2, 1954, at the intersection of U. S. 51, and the Mount Zion-Elwin Blacktop Road, in the town of Elwin, in Macon County, just a short distance south of Decatur, Illinois. At the point of collision, the intersection is level, and for some distance both to the north and south on U. S. Highway No. 51, and to the east on the Mount Zion-Elwin Blacktop Road, the highway is straight. At the intersection to the east and west of U. S. Highway No. 51, there are "Stop" signs requiring vehicles entering the intersection to stop before entering the intersection. About 300 feet east of the intersection, on the Mount Zion-Elwin Road there is a warning sign that there is a stop ahead. Jesse M. Thomas was driving north and Andy Edwin Smith was driving west. In the Buick automobile with Jesse M. Thomas was his wife Florence Thomas, his daughter, Betty Lou Thomas,

313

18 years of age, and his two small children, Charles Ray Thomas, and Vickie Lee Thomas. Betty Lou Thomas has married since the accident and is now Betty Lou Woodward. In the collision the two small children, Charles Ray Thomas and Vickie Lee Thomas were killed. In the Ford automobile with Andy Edwin Smith, there was Corrine Wilson, the owner of the car, James Albert Warner, and Mrs. Lil Chapman. In the collision Mrs. Lil Chapman was killed. With the exception of the two drivers, all the other persons in the cars were either asleep or dozing. Both the drivers suffered amnesia as to what occurred just before and at the time of the accident. Jesse M. Thomas was injured about the head and suffered some brain injury and remembers nothing after coming around a curve south of Elwin. Andy Edwin Smith doesn't remember anything after leaving the Blue Mill, a tavern and restaurant, where they stopped for a short time.

Both cars were badly damaged, and Jesse M. Thomas, Florence Thomas, and Betty Lou Woodward were severely injured. Suit was brought by Jesse M. Thomas, individually, for his own injuries, Florence Thomas for her injuries, Betty Lou Thomas Woodward for her injuries, and by Jesse M. Thomas, as Administrator of the Estate of Charles Ray Thomas, Deceased, and as Administrator of the Estate of Vickie Lee Thomas, Deceased. The jury returned verdicts against both defendants, Andy Edwin Smith as the driver, and Corrine Wilson, as the owner of the car, in the following amounts: For Jesse M. Thomas, the sum of $10,000; for Jesse M. Thomas, as Administrator of the Estate of Charles Ray Thomas, Deceased, the sum of $7,500; for Jesse M. Thomas, as Administrator of the Estate of Vickie Lee Thomas, Deceased, the sum of $2,500; for Betty Lou Thomas Woodward, the sum of $20,000; for Florence Thomas, the sum of $10,000. Judgment was entered on the verdicts, and the defendants appeal to this court.

The defendants assign as error that the trial court should have entered a judgment for the defendants, notwithstanding the verdicts, because the plaintiffs failed to prove negligence on the part of the defendants, and failed to prove due care on their own part; that the verdicts are against the manifest weight of the evidence and the court erred in giving certain instructions. Two other points are assigned as error, but only by way of argument and no authorities in support are cited.

■■ The defendants cite a number of cases where the courts have held that the plaintiffs have failed to prove negligence on the part of the defendants, or have failed to prove due care on the part of the plaintiffs. The difficulty of applying those cases to this case arises from the fact that each case presents a different set of circumstances. Several of them are cases where there were no witnesses to the accident, and reliance had to be on the circumstantial evidence in the case. That is the case here. Neither of the drivers remember just how the accident occurred. There were no eyewitnesses other than the drivers. The others involved in the accident were either asleep or dozing. The only facts from which conclusions can be drawn are those facts presented by the conditions of the cars themselves after the accident, the condition of the intersection, the position of the stop signs at the intersection, and the testimony of the officers and others who came to the scene of the accident a short time afterwards. To attempt to differentiate or distinguish between the facts in this case and the facts in other cases decided by our courts would be difficult and at best inconclusive. Each case must rest upon its own facts. It must be conceded that the question of whether or not the defendants were negligent and whether or not the plaintiffs were in the exercise of due care for their own safety are questions of fact. If there is any evidence in the record which, taken with its intendments

315

most favorable to the plaintiffs, tends to support the verdict of the jury, the trial court had no right to enter a judgment notwithstanding the verdict. Pitrowski v. New York C. and St. L. R. Co., 4 Ill.2d 125, 126; Mueller v. Elm Park Hotel Co., 398 Ill. 60, 63. It is only when there is no evidence as a matter of law to sustain either the plaintiff's or the defendant's claims that a judgment may be rendered notwithstanding the verdict. Egner v. Fruit Belt Service Co., 318 Ill. App. 37. A motion for judgment notwithstanding the verdict for plaintiff presents to the trial court questions of law whether from evidence in favor of the plaintiff, standing alone and when considered to be true, together with inferences which might legitimately be drawn therefrom, a jury might reasonably have found for the plaintiff. Russell v. Richardson, 302 Ill. App. 589; Morris v. Silver, 312 Ill. App. 472. Trial courts in considering defendant's motion for judgment notwithstanding verdict must take evidence together with all reasonable inferences arising therefrom most strongly in favor of plaintiff. Gill v. Lewin, 321 Ill. App. 633.

■ Where the questions of negligence or due care cannot be proved by direct evidence they may be proven by evidence entirely or largely circumstantial in nature. As was said in the case of Ruspantini v. Steffek, 414 Ill. 70 at page 74: "The exercise of due care need not be established by direct and positive testimony but may be inferred from all the facts and circumstances shown to exist prior to and at the time of the collision. (Shaffner v. Massey Co., 270 Ill. 207.)"

■ Because each case must necessarily rest upon its own facts, whether proven by direct evidence or by circumstantial evidence, in order to properly decide this case, it is necessary to examine the evidence here. U. S. Highway No. 51 was a through highway, and the Mount Zion-Elwin Blacktop Road was a crossroad.

316

Traffic entering onto or crossing U. S. Highway No. 51 was required to come to a stop before entering the intersection. There was a stop sign warning some three hundred feet to the east. All things being equal, the driver of the car proceeding on U. S. Highway No. 51 had the right of way over a vehicle approaching from the east on the Mount Zion-Elwin Blacktop Road. If the driver of the Buick, Thomas, saw the lights of the car driven by Andy Edwin Smith, approaching from the east, he, Thomas, being on the through and preferential highway, had a right to assume that the Smith car would come to a stop before entering the intersection. The case of Citizens Nat. Bank of Decatur v. Doran, 3 Ill.App.2d 383, on page 389, presented a like situation. There, there was a stop sign and the car was being driven on U. S. Route 51, proceeding to the north. U. S. Route 51 there, as here, was a through highway and traffic crossing or entering had to come to a stop before entering or crossing. And the court in that case said: "It is true that the existence of the stop sign on Division Street did not relieve the appellee's ward from the exercise of due care and caution, yet he had a right to assume that the appellant approaching on Division Street would not negligently fail to reduce his speed as he approached the intersection and would at least have his car under control so as to give preference to the right of way of the northbound car. (Thomas v. Buchanan, 357 Ill. 270, 277; Roberts v. Cipfl, 313 Ill. App. 373, 375; Franks v. Childs, 345 Ill. App. 83.)"

■ The evidence shows that the two cars after the accident, were at the northwest corner of the intersection, near the building of the Checkerboard Feed Company. The front of the Ford automobile was pushed back and badly damaged. The right side of the Buick automobile was pushed in and broken. There were some marks on the pavement but the evidence concerning them is rather indefinite. They do not shed

much light on what happened. There was a gouge mark in the pavement, and this may or may not have been made by the broken frame of the Buick. All these facts and circumstances present questions of fact for the jury to determine what did actually happen. The questions of due care on the part of the plaintiffs, and the negligence of the defendants, are essentially questions of fact for the jury to determine from all the evidence and surrounding circumstances. Citizens Nat. Bank of Decatur v. Doran, 3 Ill.App.2d 383, 390. Ruspantini v. Steffek, 414 Ill. 70.

In this case the jury did, by their verdict, find that the plaintiffs were in the exercise of due care and caution for their own safety and that the defendants were guilty of negligence. It is not the province of this court to disturb the verdicts of juries on questions of fact, unless clearly and palpably erroneous. This rule has been so well established that it is not necessary to cite authorities. Considering all the facts and circumstances in evidence in this case, this court cannot say that the verdict of the jury in this case was clearly or palpably erroneous.

The defendants assign as error that the verdicts of the jury are against the manifest weight of the evidence. And in support of their position on this point, they cite the case of Sharp v. Brown, 343 Ill. App. 23. The Appellate Court in that case reversed and remanded a judgment for the plaintiff because of the unsatisfactory state of the evidence and held that it could not be said that the preponderance of the evidence indicated that the plaintiff was in the exercise of due care, or that the verdict was not against the manifest weight of the evidence as to this issue. But, as we have previously observed in this opinion, each case must stand upon its own facts. It might well be that the evidence in the Sharp v. Brown case, supra, failed to establish by a preponderance of the evidence

that the plaintiff Sharp was in the exercise of due care, but we are not prepared or disposed to so hold in this case that the same state of facts exist. The condition of the automobiles, showing where they collided with each other, the fact that this was a through highway on which the plaintiffs were riding, the presence of signs requiring the defendants to stop before entering the intersection, all are mute witnesses and present questions of fact for the jury to resolve and determine as to just how the collision occurred. We cannot say in review that the jury returned verdicts against the manifest weight of the evidence.

██ ██ Another point assigned as error is that the trial court erred in admitting into evidence the testimony of the officer that in his opinion the defendant Andy Edwin Smith was under the influence of intoxicating liquor, the testimony being based solely upon smelling the defendant's breath. This point was not raised by the defendants in their motion for a judgment notwithstanding the verdicts, nor in the alternative for a new trial and under our procedure cannot be raised now. However, solely by way of comment on this matter, the jury is entitled to hear all pertinent facts, and this testimony as to the alleged intoxication of Smith was admissible for whatever value it may have had.

██ The next error assigned is that the trial court erred in giving the jury instructions which referred to "issues under the complaint," "issues made by the complaint," and "answers of the defendants," without any other instructions apprising the jury of the issues made by the complaint and the answers of the defendants. Nothing is said about instructions in the motion of the defendants for judgment notwithstanding the verdicts, but in the motion for a new trial, complaint is made about plaintiffs' instructions Nos. 5, 12, 13, 14, 15, 16, and 17. In support of this point, defendants cite some

319

fourteen cases, but these cases relate generally to one point, namely that it is error to give instructions that refer the jury to the declaration or complaint to determine the issues in the case. Fraider v. Hannah, 338 Ill. App. 440; Lerette v. Director General of Railroads, 306 Ill. 348; Krieger v. Aurora, E. & C. R. Co., 242 Ill. 544; Stivers v. Black & Co., 315 Ill. App. 38.

■ Taking up the disputed instructions in order, we should first consider plaintiffs' instruction No. 5. This instruction is assigned as error for the reason that it contains the words "fact sought to be proved." This instruction is identical with one approved in The United States Brewing Co. v. Stoltenberg, 211 Ill. 531. But the defendants rely upon the case of O'Gallagher v. Finkel, 7 Ill.App.2d 296, which is an abstract opinion and holds that the giving of an instruction which failed to contain within itself all material elements or issues of the plaintiff's case was error. We do not believe the law of the O'Gallagher case, supra, is applicable and must hold that the law of the United States Brewing Co. case, supra, is still the law in Illinois, and that the giving of plaintiffs' instruction No. 5 was proper.

■ ■ In the defendants' motion for new trial, the point is raised that the trial court erred in giving plaintiffs' instructions Nos. 12, 13, 14, 15 and 16 but no question is raised in the defendants' brief, and questions on these instructions will be considered as abandoned by the defendants. Plaintiffs' instructions Nos. 18, 20, 21 and 22 are raised in the defendants' brief, but were not raised in the motion for new trial and were therefore waived. This leaves plaintiffs' instruction No. 17. The defendants complain of the use of the words "issues under the complaint" and "under the complaint" in this instruction without any other instruction apprising the jury of the issues made by the complaint and the answers of the defendants. The instruction was in the following words:

320

"The Court instructs the jury that under the complaint of the plaintiffs, Jesse M. Thomas; Florence Thomas; Betty Lou Thomas, a minor, by Jesse M. Thomas, her father and next friend; Jesse M. Thomas, Administrator of the Estate of Charles Ray Thomas, Deceased; and Jesse M. Thomas, Administrator of the Estate of Vickie Lee Thomas, Deceased, the following are the defendants:

Andy Edwin Smith
Corrine Wilson

You are further instructed that in order to decide the issues under the complaint of the said plaintiffs, it will be necessary that you return a verdict as to each of said plaintiffs against each of said defendants, finding each of said defendants either guilty or not guilty."

■■■ This instruction was an instruction as to verdict and in no way referred to the evidence or facts in the case. It is difficult for this court to believe that the rights of the defendants were prejudiced or injured in any way by this instruction or that the jury could be, or was, in any way confused or misled. As was said in the case of Fraider v. Hannah, supra, at page 450: "We have carefully considered the arguments pro and con on this subject, and have reached the conclusion that there was no error committed by the trial court that would justify a reversal. The jury was fairly instructed. It is true that certain instructions which are the subject of criticism are not without imperfection, and it is extremely difficult for a trial court to select, modify, and correct a large group of instructions without incurring the risk that some reviewing court has held that the giving of several of the instructions is error, reversible or otherwise."

In this case, taking the instructions as a whole, we believe that the jury was fairly instructed and that there is no reversible error in the instructions.

The plaintiffs filed a motion to affirm the judgment pro forma, or in the alternative to dismiss the appeal

in this court, on the grounds that the Abstract of the Record filed by the defendants-appellants did not show that any judgment was entered by the trial court on the verdicts of the jury, rendered in said cause. This court later granted leave to the defendants-appellants to file a supplemental abstract, which they filed showing judgments on the verdicts in the trial court. The motion of the plaintiffs-appellees for an affirmance, or in the alternative, to dismiss the appeal, was taken with the case. Both sides have cited authorities supporting their different positions.

Suffice it to say, we feel that the granting of the leave to file a supplemental abstract, and the filing of said abstract, cured the deficiencies in the original abstract, and the ends of justice were best served thereby. The motion of the plaintiffs-appellees is therefore denied.

The other two points raised by the defendants, namely that the verdicts of the jury are grossly excessive, and that sympathy should not be permitted to nullify the law, are raised by way of argument only. While the verdicts are for substantial sums, it can hardly be disputed that each of the plaintiffs was severely injured. In view of the seriousness of their injuries, and the possibility of continued pain, suffering and disability, this court is not disposed to substitute its judgment for that of the trial court and jury.

We feel that this record is reasonably free from error, and though a close case on facts, should be, and is, hereby affirmed.

Affirmed.

CARROLL, J., concurs.

HIBBS, J., took no part in the consideration of this case.