JOHNNIE C. GOUGE *et al.*, Plaintiffs-Appellants, v. CENTRAL ILLINOIS PUBLIC SERVICE COMPANY, Defendant-Appellee.

Fifth District No. 5—89—0122

Opinion filed April 2, 1990.—Rehearing denied April 27, 1990.

Brad L. Badgley, of Heiligenstein & Badgley, P.C., of Belleville, for appellants.

Sorling, Northrup, Hanna, Cullen & Cochran, Ltd., of Springfield, and Bleyer & Bleyer, of Marion (R. Gerald Barris, John A. Kauerauf, and James B. Bleyer, of counsel), for appellee.

JUSTICE WELCH delivered the opinion of the court:

Plaintiffs, Johnnie C. and Vicki K. Gouge, appeal from the dismissal with prejudice of their lawsuit against defendant, Central Illinois Public Service Company, for injuries suffered by Johnnie Gouge when the automobile he was driving collided with a utility pole owned by defendant. On February 10, 1989, the circuit court of Franklin County dismissed with prejudice plaintiffs' second amended complaint for failure to state a cause of action, finding that defendant bore no duty to plaintiff because it could not have reasonably foreseen that plaintiff would drive his vehicle so as to leave the roadway and hit the utility pole in question.

Plaintiff alleges in his pleadings that the accident in question happened in the early morning hours of August 7, 1986. Plaintiff was returning home after visiting several taverns with friends. He was driving his automobile on a rural highway approaching a sharp curve to his right. Plaintiff failed to negotiate the curve, but drove straight ahead, off the roadway, and into a wooden utility pole owned and maintained by defendant. The utility pole was located off the traveled portion of the roadway and had attached to its top portion a 7,200-volt transformer which was, apparently, filled with a flammable substance. Upon collision, the utility pole fractured approximately 10 to 12 feet above the ground. The top portion of the pole with the transformer attached fell onto plaintiff's vehicle and through the windshield. Although the transformer remained attached to the top portion of the utility pole, it apparently broke open, the flammable substance contained within it spilled out and ignited and plaintiff was horribly burned. Plaintiff suffered severe, permanent and disabling injuries for which he seeks damages. Plaintiff's wife, Vicki K. Gouge, seeks damages for loss of consortium.

Plaintiffs' second amended complaint, filed November 21, 1988, alleges that defendant was negligent in the installation of its utility pole in that,

"a) Contrary to ANSI C2, National Electric Safety Code, Rule 261C and 282A, installed and/or permitted to remain in place, the aforesaid pole with a guy wire attached to the accident pole that was out of line with the strain from the wires coming across the road from the take-off pole to the accident pole;

b) Failed to add a second guy wire to the accident pole alongside the fencerow at the scene of the occurrence, extending away from the road; [and]

c) Failed to place a single guy wire in line with the wires coming across the road from the take-off pole."

On January 26, 1989, defendant filed a motion to dismiss plaintiffs' second amended complaint for failure to state a cause of action. The motion argued that the complaint fails to allege sufficient facts to plead an essential element of the cause of action, that is, a duty of care on the part of defendant owed to plaintiff under the circumstances alleged. Specifically, the motion argued that defendant owed no duty of care to plaintiff because it was not reasonably foreseeable to defendant that plaintiff would drive his vehicle in such a manner as to leave the roadway and collide with this particular utility pole. In its memorandum in support of this motion, defendant relied primarily on two cases, *Hoffman v. Vernon Township* (1981), 97 Ill. App. 3d 721, 423 N.E.2d 519, and *Boylan v. Martindale* (1982), 103 Ill. App. 3d 335, 431 N.E.2d 62. Both of those cases held that a public utility owed no duty with respect to placement of its utility poles to motorists who collided with the poles when their vehicles left the roadway because it was not reasonably foreseeable that the motorists would deviate from the roadway in the ordinary course of travel and strike the utility poles.

Hearing was held on the motion on February 3, 1989, the court taking the matter under advisement. On February 9, 1989, plaintiffs filed a motion for leave to file a third amended complaint. On February 10, 1989, the court issued its written order. Relying on the *Hoffman* and *Boylan* cases cited by defendant, the court held that it was not foreseeable that plaintiff would deviate from the roadway in the ordinary course of travel and strike the utility pole in question and that, therefore, defendant owed no duty to plaintiff. Accordingly, the trial court dismissed plaintiffs' complaint with prejudice for failure to state a cause of action, thereby also denying plaintiffs' motion to amend their complaint. We think the trial court erred in relying on the *Hoffman* and *Boylan* cases because they are legally distinguishable from the instant case and, consequently, erred in dismissing

plaintiffs' complaint with prejudice.

In *Hoffman* and *Boylan*, plaintiffs brought actions against utility companies for injuries sustained when vehicles in which their decedent and incompetent, respectively, were traveling left the roadway and collided with utility poles. In both cases, the plaintiffs' complaints alleged no breach of any duty other than the location or placement of the poles. Plaintiffs did not allege any other defect in the utility poles, and the injuries were incurred as a result of the impact of the collisions and not from any other alleged defect in the utility poles. Thus, plaintiffs' causes of action were essentially for negligent location of the utility poles.

In both cases the appellate court held that the utility companies owed no duty to the plaintiffs because it was not reasonably foreseeable that the cars would deviate from the roadway in the ordinary course of travel. Those cases established the now-accepted principal of law that a utility company owes no duty to travelers upon a roadway with respect to possible hazards off the roadway unless the traveler may foreseeably deviate from the roadway in the ordinary course of travel. This principle makes sense when one is talking about negligent location of a utility pole in light of the factors to be taken into consideration in imposing a duty, *i.e.*, the likelihood of injury from the existence of a condition, the magnitude of guarding against it, and the consequences of placing the burden upon the defendant. (*Hoffman*, 97 Ill. App. 3d at 724, 423 N.E.2d at 521.) While it is common knowledge that vehicles sometimes leave the roadway and strike utility poles (*Boylan*, 103 Ill. App. 3d at 346, 431 N.E.2d at 70-71), it is, in most cases, almost impossible to foresee the precise location where a vehicle may do so. To impose liability on utility companies for their location of utility poles, then, is too great a burden unless the pole is placed at a location where it is reasonably foreseeable that cars may deviate from the roadway in the ordinary course of travel. This is especially so in light of the public policy favoring placement of utility poles along highway right-of-ways for a necessary public benefit. *Hoffman*, 97 Ill. App. 3d at 727, 423 N.E.2d at 523.

In the instant case, however, plaintiffs' suit is not one for negligent location of the utility pole, but for negligent installation of the pole. Plaintiff seeks damages not for injuries incurred from the impact with the utility pole, but for injuries incurred when the allegedly improperly installed utility pole fractured and fell on his car. Plaintiffs' complaint alleges that defendant did not exercise reasonable care in installing the pole in that the pole was misguyed. We think there is a significant difference between the causes of action for

negligent location in *Hoffman* and *Boylan* and the cause of action for negligent installation in the case at bar and find that the trial court erred in relying on those cases in determining that defendant owed no duty to plaintiffs in the case at bar.

We must still determine, however, whether defendant did owe a duty to plaintiff to exercise reasonable care in the installation of its utility pole in the case at bar. Factors to be considered in determining whether such a duty existed are the foreseeability of the possible harm, the likelihood of injury from the existence of a condition, the magnitude of guarding against the harm and the consequences of placing the burden upon the defendant. *Hoffman*, 97 Ill. App. 3d at 724, 423 N.E.2d at 521.

We think that it is foreseeable that an improperly guyed utility pole may fracture and fall or may simply topple over, whether from weather conditions, strain from other wires running from the pole, the passage of time or collision with an automobile. In order for liability to attach, it is not necessary that the exact method by which the injury occurred could have been expected. (*Blue v. St. Clair Country Club* (1955), 7 Ill. 2d 359, 364, 131 N.E.2d 31, 34.) It is sufficient if some resulting injury could have been reasonably foreseen. (*Blue*, 7 Ill. 2d at 364, 131 N.E.2d at 34.) It is also foreseeable, and indeed likely, that if a utility pole such as the one in the instant case, which was located within a few feet of a public roadway, falls, it may cause harm to passers by who are lawfully on or near the public roadway. The magnitude of guarding against this harm is not great, for defendant need only properly guy those utility poles which reasonable care dictates require guy wires. From the record, it would appear that industry standards exist which describe when and how to properly attach guy wires to utility poles. Presumably, this is a burden which the utility company has already undertaken. Indeed, requiring utility companies to properly guy those utility poles which require guy wires is not at all an unreasonable burden, but is one which should be imposed on utility companies.

In summary, a utility company owes a duty to the general public to exercise reasonable care in the installation of its utility poles. Where reasonable care requires that the utility pole have guy wires attached, the utility company must exercise reasonable care in attaching them.

In the instant case, the utility pole in question had attached to it one guy wire. Plaintiffs' complaint alleges that this guy wire was improperly attached or that this particular pole required a second guy wire. It is plaintiffs' burden to prove these allegations at trial. If the

utility pole was negligently installed or guyed and that negligent installation was, at least in part, a proximate cause of plaintiff's injuries, the defendant should be held liable to plaintiffs. Again, the burden of establishing proximate cause is on plaintiffs. Finally, that plaintiff, through his own negligence, may have contributed to the accident and his injuries does not bar plaintiffs' claims, but merely serves to reduce their recovery.

 A cause of action should be dismissed with prejudice on the pleadings only if it clearly appears that no set of facts can be proved which will entitle the plaintiffs to recover, and then only if it is apparent that even after amendment, if leave to amend is sought, no cause of action can be stated. (*Crinkley v. Dow Jones & Co.* (1978), 67 Ill. App. 3d 869, 874, 385 N.E.2d 714, 717-18.) In order to state a cause of action for negligence, the allegations of the complaint must establish the existence of a duty owed by defendant to plaintiff, a breach of that duty, and an injury proximately resulting from that breach. (*Watkins v. Mt. Carmel Public Utility Co.* (1988), 165 Ill. App. 3d 493, 496, 519 N.E.2d 10, 12.) Whether a duty is owed by a defendant to a plaintiff under the facts of a particular case is a question of law to be determined by the court. (*Watkins*, 165 Ill. App. 3d at 496, 519 N.E.2d at 12.) In the instant case, the trial court determined as a matter of law that plaintiffs had not pled sufficient facts to establish the existence of such a duty, and that even after amendment plaintiffs would not be able to plead sufficient facts to establish a duty. We disagree and find that plaintiffs' second amended complaint did state a cause of action for negligent installation of the utility pole. Accordingly, we reverse the order of the trial court dismissing plaintiffs' complaint with prejudice and remand this cause for further proceedings on that complaint.

For the foregoing reasons, the judgment of the circuit court of Franklin County is reversed and this cause is remanded.

Reversed and remanded.

HARRISON and GOLDENHERSH, JJ., concur.