THE VILLAGE OF PAWNEE, Plaintiff-Appellant and Cross-Appellee, *v.* GEORGE H. KNOSTMAN, JR., *et al.*, Defendants-Appellees and Cross-Appellants.

Fourth District   No. 4—82—0733

Opinion filed June 16, 1983.

Alexandra De Saint Phalle, of Londrigan & Potter, P.C., and Pfeifer & Kelty, P.C., both of Springfield, for appellant.

Edward F. Casey, of Casey and Casey, of Springfield, for appellee Azzarelli Construction Co.

JUSTICE ALLOY delivered the opinion of the court:

The village of Pawnee seeks reversal of the circuit court's order dismissing, with prejudice, its complaint against Azzarelli Construction Company (hereinafter Azzarelli), for failure to comply with the court's orders respecting the furnishing of a bill of particulars to Azzarelli. (Ill. Rev. Stat. 1981, ch. 110, par. 37, now Ill. Rev. Stat. 1981, ch. 110, par. 2—607.) Pawnee filed a motion to vacate the court's dismissal orders, which was denied, and from the denial of its motion to vacate this appeal is taken. Defendant Azzarelli has filed a cross-appeal, seeking review over the court's denial of its motion to dismiss Pawnee's second amended complaint for failure to state a cause of action. Pawnee has filed a motion to strike the cross-appeal as untimely, which we have taken with the case.

The essential background facts must, of necessity, be stated at some length. Pawnee filed its original complaint against Azzarelli, George Knostman, Jr., and Fidelity & Deposit Company of Maryland. The suit grew out of Knostman and Azzarelli's work on Pawnee's san-

itary sewer system in the early 1970's. Knostman was hired by Pawnee to plan and supervise the construction of a new sanitary sewer system. Azzarelli was contracted to do the construction on the system, pursuant to Knostman's plans and specification and under his supervision and control. The counts of the complaint against Knostman alleged that he fraudulently prepared pay estimates without examining the work to determine whether it met contractual specifications, that he negligently designed, supervised and inspected the system, and that he breached his contract to design, supervise and inspect the system. The complaint set forth 11 defects in the system which were alleged to be the result of Knostman conduct. One million dollars in damages were requested, the alleged costs of repairing the sanitary sewer system.

In the counts of the original complaint directed against Azzarelli, Pawnee alleged that Azzarelli was negligent in its construction of the system and that it breached its contract in failing to perform its contract in a workmanlike manner. Pawnee alleged that as a result of Azzarelli's negligence and breach of contract the system was defective, specifying the same 11 defects set forth in the counts against Knostman. The final count of the original complaint sought recovery against Fidelity, on its bond, for the same defects in the system.

After initial discovery and the filing of motions to dismiss by the defendants, Pawnee amended its complaint several times. Pawnee's second amended complaint, that is partially in issue before us, was filed on October 24, 1980. It contained two counts against Azzarelli in which it was alleged that Pawnee had a contract with Azzarelli which provided that the construction work would be done according to the plans and specifications prepared and furnished by Knostman. Construction was to be performed under Knostman's supervision and control. Count IV of the second amended complaint (hereinafter complaint) alleged that Azzarelli breached its duty to construct the system in a skillful and careful manner by constructing it in an unskillful and negligent manner. Count IV further alleged that the result of Azzarelli's unskillful, careless and negligent construction was a defective system. It specified the following defects:

"A. Numerous joints are open.

B. Infiltration in the system is excessive.

C. Vertical alignment is irregular.

D. Structural failures exists [sic] in certain areas.

E. Grade sags exist in certain areas.

F. Cross connection exists between the sanitary sewer line and a storm sewer line.

G. Certain unapproved materials were used.
H. Certain pipes were placed incorrectly.
I. Sand filter system does not function.
J. Aeration system is inadequate.
K. Chlorination system is inadequate.
L. Existence of seepage through lagoon dikes."

Count V of the complaint, also against Azzarelli, alleged that the contract between Pawnee and Azzarelli provided that Azzarelli would perform the contract in a workmanlike manner. It also alleges that Azzarelli did not perform the contract in that it did not construct the system in a workmanlike manner, with the result that the system was not fit for the purpose to which it was intended. This was the result of the presence of defects, those being the defects set forth above as A through L.

Azzarelli responded with its motion to dismiss the second amended complaint, which, in pertinent part, argued that the complaint failed to state a cause of action and that conclusions, rather than facts, were alleged. On January 9, 1981, the court (Judge Richard Cadigan) denied Azzarelli's motion to dismiss, thus upholding the sufficiency of Pawnee's complaint against it. The court ordered Azzarelli to answer or otherwise plead within 30 days. Three days later, on January 12, 1981, Azzarelli filed a notice of demand for bill of particulars. In pertinent part, the defendant requested the following:

"COUNT IV

1. Furnish legible copies of the 13 pay estimates described in Paragraph 10 of Count IV.

2. Specify the information in each of the pay estimates which is false and untrue.

3. Specify the true facts with respect to the false and untrue information in each of the pay estimates.

4. With respect to claimant's allegation that this defendant performed its contract in an unskillful and negligent manner, state the date, place and precise conduct which plaintiff contends was unskillful and negligent.

COUNT V

With respect to plaintiff's allegation that this defendant failed to perform its contract in a workmanlike manner, state the date, place and precise conduct which plaintiff contends constituted unworkmanlike performance."

No objection was made by Pawnee to this demand for particulars. Section 37(4) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110,

par. 37(4)) provided:

> "If the party on whom a demand for a bill of particulars has been made believes that the party demanding it is not entitled to the particulars asked for, he may move the court that the demand be denied or modified."

No such motion was presented by Pawnee in response to the demand for a bill.

Discovery proceeded throughout the rest of 1981 among all parties to the action. So far as the record shows, no response was made by Pawnee to the demand for a bill of particulars, nor did Azzarelli make further demand or seek compliance with its original demand until now. Then, on January 18, 1982, slightly over a year after the demand for a bill had been filed, Azzarelli filed a motion to strike counts IV and V of the complaint, as a sanction for Pawnee's failure to provide the bill, as demanded. It recited that a written request for compliance had been made on November 5, 1981, without result. Hearing on the motion for sanctions was scheduled for February 10, 1982. On February 10, counsel for Pawnee, in the person of Thomas Kelty, filed a response to the demand for a bill of particulars. Pawnee provided copies of the pay estimates requested and indicated the information therein which was false. As to the demand for particulars respecting Azzarelli's negligent and unworkmanlike performance, the response enclosed "maps, correspondence, copies of photographs, engineering reports, engineering drawings and other documents relating to the condition of the project at various intervals from 1972 through the present date." Pawnee also offered to make available numerous photographs for inspection and copying. The referenced documentation was apparently brought by counsel to the hearing and proffered to Azzarelli, although because of the court's ruling, never filed in the record. The trial court rejected the tendered documents as sufficient compliance with the demand for a bill of particulars and ordered the plaintiff to furnish a bill of particulars within 28 days.

It was shortly thereafter, according to affidavits later filed with the court, that Pawnee's attorney Thomas Kelty assigned the case to his newly hired associate, Robert Jarka, for the purpose of proceeding with discovery and pleading matters. On April 7, 1982, when no further bill of particulars had been filed by Pawnee as ordered on February 10, 1982, Azzarelli filed another motion to strike the counts against it, based upon Pawnee's failure to file the bill. The motion recited that Azzarelli's counsel had written to Kelty, for Pawnee, reminding him of the order regarding the bill of particulars. A hearing on the renewed motion for sanctions was set for May 14, 1982, at

which time attorney Jarka, for Pawnee, appeared and was given an additional 14 days to comply by filing a bill. No bill of particulars was filed within the 14 days, and on June 2, 1982, Azzarelli filed its second renewed motion to strike counts IV and V, reciting a letter from Jarka indicating he would not have the bill by May 28, the day set in the previous court order. The hearing on the second renewed motion for sanctions was set for June 15, 1982, and on that day, Judge Mann gave Pawnee an additional 14 days to file the bill. Mann also indicated that if the bill was not filed within the 14 days, the second amended complaint would be stricken. When no bill of particulars was filed within the time given, Azzarelli requested that the counts of the complaint against it be stricken. On July 7, 1982, no bill having been filed by Pawnee, the court entered its written order striking counts IV and V.

On July 21, Azzarelli filed a motion to dismiss counts IV and V with prejudice. In support of its motion, Azzarelli recited the history of Pawnee's failure to furnish the ordered bill of particulars. Hearing on the motion was held on August 16, 1982, and attorney Jarka, for Pawnee, appeared and made no objection to entry of an appealable order dismissing those counts of the complaint with prejudice. An order dismissing those counts with prejudice was entered on August 17, 1982.

Pawnee then filed two motions relating to its complaint against Azzarelli on September 13, 1982. The motions were filed by Thomas Kelty, as Jarka had been removed from the case. The first motion was a motion to reconsider the ruling of February 10, 1982, wherein the court rejected the documents tendered by Pawnee as sufficient compliance with the demand for particulars. The motion contained an assurance that, because of the technical nature of the documents, Pawnee will provide expert testimony to aid the trier of fact in drawing inferences from the documents. The second motion, and the focus of this appeal, was Pawnee's motion to vacate judgment and rescind orders, directed at the August 16 order dismissing counts IV and V with prejudice and at the July 7 order striking the same counts. The basis for the motion to vacate was the alleged disability of Robert Jarka, the attorney who had been responsible for the case from April 5, 1982, until August 16, 1982. Attached to the motion was Jarka's affidavit, wherein he indicated that as a result of an alcoholic condition he ignored the court's orders to comply with the demand for a bill of particulars. He further stated that he concealed his failures from his employer, the firm representing Pawnee. He stated that he did not consult either Pawnee or the partners of the firm regarding

discovery, and further that he misinformed the partners of the status of the various sanction motions.

On October 15, 1982, Azzarelli filed its objection to the motion to vacate and the motion to reconsider. The motion recited the lengthy failure of Pawnee to produce a sufficient bill of particulars and asserted that such failure was not the result of the alleged disability of Robert Jarka. Attached to the motion was another affidavit. In this affidavit, Jarka contradicts and denies much of his previous affidavit, which had been offered by Pawnee in support of its motion. In this affidavit, Jarka states that he was coerced into signing the prior affidavit and that he did so without carefully reading it. He denies neglecting discovery in the Pawnee suit and denies concealing the status of the matter from his firm. He states further that he made attempts to obtain the particulars requested by Azzarelli, but contends that he was unable to get them because the village could not supply them. He states that he did fulfill various duties with the firm and did so satisfactorily, blaming the insufficiency of response in this case on the lack of the requested evidence. These post-judgment matters were set for hearing on October 26, 1982.

The day prior to the scheduled hearing, Pawnee filed additional documents with the trial court. Included in the submission was a bill of particulars for Azzarelli, along with affidavits from various persons which contradicted specifics of the second Jarka affidavit. The bill of particulars detailed numerous defects in the sanitary sewer system which were the result of Azzarelli's negligent and unworkmanlike performance. It indicated that evidence concerning the defects is

> "contained in the testimony of the officers and employees of the Plaintiff Village and in technical reports prepared by the experts who will be called by Plaintiff to testify as to inferences and opinions derived from such facts concluding that the system as constructed does not meet the plans, specifications or applicable standards.
>
> Overall the expert will give the opinion that work done by Azzarelli Construction Company fell far below the industry standards required of a qualified contractor on a project of this type."

Affidavits filed on October 25, 1982, from Pawnee specified individual instances of improper construction and workmanship during construction of the sewer by Azzarelli.

Judge Richard Mann heard the motion matters the following day and on October 27, 1982, he denied the motion to reconsider and the motion to vacate. In a letter explaining his decision the judge indi-

cated his belief that Pawnee should have had the requested information available to it from early in the case. He noted that the only movement by Pawnee on the demand for a bill came as a result of the threat of sanctions, and further that the response, being the document submission of February 10, 1982, was defective. He pointed out that the initial delay came at a time prior to attorney Jarka's participation. He found that the "protracted failure" of Pawnee to comply with the demand could not be blamed solely on Jarka. He opined that Pawnee should not have begun litigation without sufficient facts and evidence with which to proceed, and he noted that Azzarelli had been put to considerable expense because of Pawnee's delays in complying. He recited the repeated failure of Pawnee and its attorneys to comply with the request for a bill of particulars and he stated the necessity for sanctions.

Pawnee now appeals from the October 27 ruling, denying its motion to vacate the judgments of dismissal with prejudice, as well as from the July 7 order striking the pleadings, the August 16 order striking the complaint with prejudice, and the October 27 order denying the motion to reconsider. Its notice of appeal was filed on November 3, 1982. Azzarelli filed its cross-appeal on November 24, 1982, seeking review over the trial court's denial of its motion to strike counts IV and V as failing to state a cause of action and failing to allege ultimate facts. A motion to strike the cross-appeal, claiming lack of jurisdiction, has been taken with the case. We move directly to the principal issue of the appeal, and in the process of our analysis we shall address the various motions and side issues advanced by the parties.

■■ ■ The central issue before us is whether the court abused its discretion in refusing to vacate the dismissal, with prejudice, of Pawnee's complaint against Azzarelli. The dismissal with prejudice was a sanction imposed for Pawnee's failure to comply with the court orders directing it to respond to Azzarelli's demand for a bill of particulars. The procedural history of the demand for a bill, and the response or lack thereof, has been set forth in detail previously in this opinion. The Illinois Supreme Court, in *Bejda v. SGL Industries, Inc.* (1980), 82 Ill. 2d 322, 412 N.E.2d 464, clearly set forth the abuse of discretion standard as that applicable and governing dismissals for failure to comply with an order of the trial court requiring the filing of a bill of particulars. In *Bejda* the court determined that the power to sanction, by dismissal, was a power inherent in the court's authority to govern its own business. (82 Ill. 2d 322, 329.) Although the court set forth the appropriate standard to be applied, as well as its origin, the

opinion does not delineate the appropriate factors to be considered when reviewing such action by the trial court. The appellate court opinion in *Bejda* had indicated some considerations (*Bejda v. SGL Industries, Inc.* (1979), 73 Ill. App. 3d 484, 487, 392 N.E.2d 38), but the Illinois Supreme Court avoided any discussion of them by deciding that there was an abuse of discretion because no bill of particulars was required in that case. Since in the instant case we determine that Azzarelli was entitled to a bill of particulars, we must proceed beyond the supreme court's opinion in *Bejda* and determine the appropriate considerations in reviewing the dismissal entered by the trial court. In this area, of necessity, each case must be determined on its own facts and circumstances.

Since dismissal with prejudice is a drastic sanction, it should be utilized only as a last resort, and only where there has been a deliberate, contumacious, or unwarranted disregard of the court's authority. (73 Ill. App. 3d 484, 487.) Only in response to such behavior is a court justified in dismissing with prejudice and thereby depriving a party of a hearing on the merits of its claim. In the instant case, the record does not establish such contumacious behavior on the part of the village of Pawnee. Contrary to the findings of the trial court, the record indicates that any wilful failure to furnish particulars, as ordered, was largely that of attorney Jarka. Prior to his assuming responsibilities, the village had responded to the demand with its submission of February 10, 1982. At that time, numerous documents, evidencing alleged defects and failures of the system, were proffered by attorneys for Pawnee. That prior effort toward compliance does not indicate a disregard for the court or show contumacious behavior on the part of Pawnee, and the fact that the submission was rejected by the court as inadequate does not detract from the attempt at compliance made by Pawnee and its attorneys at that time. Nor does the fact that the submission occurred almost one year from the filing of the demand for particulars undermine Pawnee's February 1982 response. It is noted that Azzarelli had made only one attempt to prod Pawnee into submitting the particulars, and that was made in November 1981, almost 11 months from the filing of its demand. During that period, meanwhile, discovery was proceeding among all parties. When further prodded in mid-January 1982 by Azzarelli's motion for sanctions, Pawnee promptly responded with the documents detailing the system's insufficiencies. Viewed in perspective, the record indicates that prior to Jarka's assumption of duties in late February 1982, Pawnee had made efforts at compliance, albeit substantively insufficient. Furthermore, the record also indicates that subsequent to Jarka's depar-

ture, in August 1982, Pawnee, through its counsel, resumed efforts at compliance with the demand for particulars, filing on October 25, 1982, a response, with details of specific defects and affidavits concerning specific construction deficiencies. Thus, it is clear from the record that the failure to respond as ordered, and any disregard for the court's authority, occurred during the period of time, roughly six months, during which Jarka had responsibility for the case. It is also to be noted that Jarka was appearing at the scheduled hearings, and requested several continuances to obtain the material. There was in his continued adherence to the required appearances at least some effort to comply with the procedures and demands of the court. Admittedly, there was a complete failure to produce the particulars as ordered, but without getting involved in the charges and countercharges surrounding Jarka and his problems, it is noted that he had problems. His final appearance in August, wherein he appeared on behalf of Pawnee and submitted, without objection, to dismissal with prejudice of his client's case is itself indicative of some impairment of his ability to serve his client's interests.

■ Certainly, it cannot be denied that Jarka's superiors in the firm are responsible for his actions and failures, and it is also true that a party is generally held accountable and responsible for the actions of his counsel. It has been recognized, however, that injustice may result where punishment is visited upon the party for what, in fact, are the acts and omissions of counsel. (*People ex rel. Difanis v. Futia* (1978), 56 Ill. App. 3d 920, 928, 373 N.E.2d 530; *Conover v. Smith* (1974), 20 Ill. App. 3d 258, 260, 314 N.E.2d 638; *Federenko v. Builders Plumbing Supplies, Inc.* (1970), 123 Ill. App. 2d 129, 137, 260 N.E.2d 41.) In the case at bar, the record fails to indicate that the failures to comply with the court's orders were the result of the village's disregard or lack of diligence. The failures were those of the attorneys representing the village. The unjust result in sanctioning a party severely for the acts of counsel is heightened here, where the real parties in interest are the citizens of the village of Pawnee, and the subject matter is one which implicates vital concerns of public health and safety.

■ Finally, consideration must also be given to the issue of prejudice to Azzarelli as a result of the failures to comply by Pawnee's counsel. So far as the record shows, this is not a case where the delay caused by the failures has detrimentally affected Azzarelli's position on the merits of the claim. The primary prejudice noted by the court was the cost to Azzarelli of repeated appearances. We agree on this, but feel that appropriate sanctions can be fashioned to alleviate this

prejudice, while at the same time affording Pawnee a hearing on the merits. Therefore, we find that the court erred in refusing to vacate its dismissal with prejudice of counts IV and V against Azzarelli. That action is reversed. In so concluding, we direct that upon remandment, the circuit court is to enter appropriate sanctions upon Pawnee and its attorneys for their failures to comply with the court's orders respecting the bill of particulars. Appropriate sanctions should include an assessment of costs and attorney fees incurred with respect to the motions and hearings seeking compliance, as well as an assessment of costs and attorney fees incurred by Azzarelli on this appeal, excluding the cross-appeal. The exact amount of fees and costs shall be determined upon remandment.

■■ Furthermore, we find that the court's action in striking the pleadings of Pawnee was proper and fully authorized, given the lack of response by Pawnee. (Ill. Rev. Stat. 1981, ch. 110, par. 2—607, formerly Ill. Rev. Stat. 1981, ch. 110, par. 37.) Upon remandment, we direct that reinstatement of the complaint be granted at such time as Pawnee has adequately responded to the demand for particulars, or to any modified demand, whether as modified by the court, upon objection, or by the parties, upon agreement. In this regard, we make no determination as to the adequacy of the October 25, 1982, response filed by Pawnee. The sufficiency of that offering has not been ruled upon by the trial court, nor has Azzarelli been given an opportunity to present its arguments with respect to that material. We remand for further proceedings at the trial court level.

■■ ■ Having determined that reversal of the dismissal is appropriate and necessary in the interest of justice, we shall nevertheless address other arguments of the parties on the issue. We cannot agree with Pawnee's contention that the submission of February 10, 1982, was a sufficient and adequate bill of particulars. Under the rules of civil procedure, a party is entitled to a bill of particulars, when the complaint it is asked to respond to is wanting in details. (Ill. Rev. Stat. 1981, ch. 110, par. 2—607(a).) The effect of a bill of particulars is to limit and restrict the pleader to proof of the particular cause of action or defense mentioned therein. (*Hemingway v. Skinner Engineering Co.* (1969), 117 Ill. App. 2d 452, 458, 254 N.E.2d 133.) Pawnee's claims sounded in tort, for negligent construction, and in contract, for unworkmanlike performance. After its first amended complaint was upheld, Azzarelli filed its notice of demand for bill of particulars, requesting, in pertinent part, further detail as to the precise conduct of its agents which was alleged to have been negligent and unskillful. While the rules allow for objections to a demand for

particulars (Ill. Rev. Stat. 1981, ch. 110, par. 2—607(d)), Pawnee filed no such objection or request to modify. Rather, its initial response was the February 10, 1982, submission of maps, correspondence, photographs and engineering reports. There was no attempt made by Pawnee to specify or detail the relevance of the mass of documents to its complaint or to the demand for particulars. The information concerning Azzarelli's performance may have been in the documents, but neither Azzarelli or the court had any way of knowing or discerning where or in what way the information given related to Azzarelli's actions and its quest for more detail in pleading. The submission did not particularize the allegations of the complaint or provide coherent detail thereon. It was insufficient, and the court properly rejected it as such.

■ Pawnee also argues that since its second amended complaint was sustained on Azzarelli's motion to dismiss, it is "at least arguable" that Azzarelli was not entitled to receipt of a bill of particulars in the first place. While it may be arguable, the argument was not presented to the trial court. By failing to object to the demand or to seek a modification of the bill of particulars, Pawnee has waived any argument that a proper objection could have been made based upon the sufficiency of its complaint. We would add, in passing, that under our liberal rules of pleading, a complaint may state a cause of action, yet remain so wanting in detail as to entitle the opposing party to a bill of particulars.

We now turn to the issues raised by cross-appeal. Azzarelli's cross-appeal from the denial of its motion to dismiss the second amended complaint was filed on November 24, 1982, within 30 days after the court's action in denying Pawnee's motion to vacate judgment and rescind the dismissal order. Rule 303(a) of the Supreme Court Rules (87 Ill. 2d R. 303(a)) provides for the filing of notice of cross-appeal within 10 days after service upon the party of the notice of appeal, *or* within 30 days after entry of judgment, "whichever is later." In the instant case, the cross-appeal was filed within 30 days after the entry of final judgment in the case, that being the October 27, 1982, order denying the motion to vacate. The notice of cross-appeal was timely filed under Rule 303(a). Pawnee's contention that Azzarelli waived its right to appeal by not filing within 30 days of the denial of its motion to dismiss is not well taken. At that time there was no final judgment in the case. The requisite finality, triggering appellate time limitations, occurred on October 27, 1982. *Bitzer Croft Motors, Inc. v. Pioneer Bank & Trust Co.* (1980), 82 Ill. App. 3d 1, 16-17, 401 N.E.2d 1340.

It is also established that Azzarelli, as appellee, can sustain the judgment on any basis in the record. (*Huber v. Watts* (1982), 110 Ill. App. 3d 614, 616-17, 442 N.E.2d 969.) In its attempt to do so in the case at bar, Azzarelli argues that the second amended complaint, in its counts against it, was insufficient (1) in failing to allege that Azzarelli had failed to follow the plans and specifications and (2) in alleging conclusions rather than ultimate facts. The second argument is related to the first, for Azzarelli contends that Pawnee failed to plead breach of Azzarelli's duty to follow the plans and specifications. The crux of the argument is the alleged failure to specifically or generally set forth Azzarelli's failure to follow the plans and specifications. Our review of the second amended complaint, however, finds that the allegation of breach is contained therein. Pawnee, in paragraph 8 of count IV, alleges that it had a written contract with Azzarelli to construct the sanitary sewer system, and that among other things the contract provided that the construction should be performed according to the plans and specifications prepared and furnished by Knostman, which plans and specifications were made a part of the contract. The contract and the plans and specifications were specifically pleaded by Pawnee. The duty imposed upon Azzarelli, by contract, was to perform in accordance with the plans and specifications furnished by Knostman. If it performed according to them, and its work was done in a workmanlike manner, then it fulfilled its obligations. The duty by which its conduct is to be judged in count IV, the negligence count, is that set forth in the contract. As to count V, it is true that it does not allege Azzarelli's failure to follow the plans and specifications, but rather its failure to perform in a workmanlike manner. Either theory for recovery is available to Pawnee. (*Georgetown Township High School District No. 218 v. Hardy* (1976), 38 Ill. App. 3d 722, 723-24, 349 N.E.2d 88; *Robert G. Regan Co. v. Fiocchi* (1963), 44 Ill. App. 2d 336, 340, 194 N.E.2d 665.) That Pawnee chose to base its contract claim not on a breach of the plans and specifications, but on the failure to perform in a workmanlike manner, is not a basis for dismissal. There is no insufficiency because of its choice to proceed on that basis, and not on the plans and specifications basis. Count V sufficiently states a cause of action for breach of contract, in failure to perform in a workmanlike manner, and count IV sufficiently states a cause of action for negligence, based upon breach of duties set forth in the contract, including the duty to perform in accordance with the plans and specifications. The contractual basis of the duty is alleged with sufficient particularity. Moreover, as has been often held, justice would not be served by affirming a dismissal of a judgment against a

party on the basis of a pleading defect which could be remedied by amendment. (See *Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 532, 391 N.E.2d 177; *Horwath v. Parker* (1979), 72 Ill. App. 3d 128, 135, 390 N.E.2d 72.) The question of the applicability of *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443, is an argument brought forth for the first time on appeal and not fully or adequately briefed by the parties. Objections on that basis can be made to the trial court, upon remandment, with a full and sufficient treatment given the issue. There is no need for us to decide the matter at this time.

▬ Finally, to conclude matters, we note our denial of the motion to strike the cross-appeal and the denial of the motion to supplement the record on appeal with documents not filed in the court below.

On the basis of our discussion, we reverse the trial court's decision to deny Pawnee's motion to vacate the dismissal with prejudice order. The dismissal order is hereby vacated. Sanctions should be imposed, upon remandment, in accordance with the views expressed previously. We affirm the court's action in striking the pleadings, as a sanction, but direct that reinstatement be granted to Pawnee at such time as it has adequately responded to the demand for bill of particulars.

Reversed, in part, and affirmed in part, with a remandment and directions upon remandment.

SCOTT and HEIPLE, JJ., concur.