MARY LEWIS BROWN, as Adm'r of the Estates of James Thomas, Deceased, Earldean Thomas, Deceased, and Michael Tyrone Hampton, Deceased, and as Mother and Next Friend of Earl Ray Thomas, a Minor, Plaintiff-Appellant, v. ELIZABETH KIDD *et al.*, Defendants-Appellees (James Kirkwood *et al.*, Plaintiffs-Appellants).

First District (3rd Division)   Nos. 1—90—2408, 1—90—2416 cons.

Opinion filed August 7, 1991.

Stein & Cherny, Ltd., of Chicago, for appellants James Kirkwood and Lottie Kirkwood.

John E. Marszalek, of Chicago, for appellant Mary Lewis Brown.

Malek & Wein, P.C., of Chicago (Edward J. Malek, of counsel), for appellees.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

This appeal arises from the trial court's entry of summary judgment in favor of defendants. Plaintiff Mary Brown argues that the trial court erred (1) in entering summary judgment in favor of defendants; (2) in striking the reports of experts John A. Kennedy and Associates, Inc., and J. Mazzone & Associates, Ltd; (3) in holding that plaintiffs could not prove the cause of the fire; (4) in dismissing her second amended complaint; and (5) in refusing her leave of court to file her fourth amended complaint. Plaintiffs James and Lottie Kirkwood argue on appeal that the trial court erred (1) in entering summary judgment in favor of defendants; (2) in striking the reports of experts John A. Kennedy and Associates, Inc., and J. Mazzone & Associates Ltd; and (3) in holding that plaintiffs could not prove the cause of the fire.

Plaintiffs Mary Brown, James Kirkwood, and Lottie Kirkwood brought actions for the recovery of damages resulting from a January 9, 1982, fire in a three-story building. Defendants were all owners of the building: Mary Henderson, a/k/a Elizabeth Kidd, Charlie Henderson, Tommie Levell, Maceo Levell, Mabel Lewis, and Roberta Haynes.

Roberta Haynes, however, died prior to the fire, and the lawsuit was dismissed against her. Tommie Levell, Mabel Lewis, and Mary Henderson were sisters.

All the owners lived on the first and second floors of the building. Defendants Mary and Charlie Henderson, who are still alive, lived on the first floor. Defendant Mabel Lewis, now deceased, lived on the second floor with her daughter, plaintiff Mary Brown, and her four grandchildren, James Thomas, 13 years old, Michael Tyrone Hampton, 11 years old, Earldean Thomas, three years old, and Earl Ray Thomas, three years old. The only child who survived the fire was Earl Ray Thomas. Michael Tyrone Hampton lived for 88 days after the fire, during which time he incurred approximately $250,000 in medical bills. In the rear of the second floor lived defendants Tommie and Maceo Levell, who are now deceased. Plaintiffs Lottie and James Kirkwood rented the third floor and lived there with their daughter.

Plaintiff Brown filed a five-count complaint for recovery of damages for the wrongful deaths of her deceased daughter and two deceased sons, and for the personal injuries of her surviving son. The complaint also sought $250,000 in medical and funeral expenses for the deceased children, and the pain and suffering of the deceased children and the surviving child. The initial complaint was based on the theory of negligent maintenance of the building's electrical system and failure to provide smoke detectors. Plaintiffs James and Lottie Kirkwood filed a complaint for recovery of property damage based on the same theory of liability as that of plaintiff Brown. The Kirkwoods' action was consolidated into Brown's action.

Plaintiff Brown requested and was granted leave of court to file a second amended complaint, to which defendants filed a motion to dismiss pursuant to the Illinois Code of Civil Procedure, section 2—615 (Ill. Rev. Stat. 1981, ch. 110, par. 2—615). Plaintiff Brown filed a brief, supporting her cause of action for defendants' willful and wanton misconduct in violation of the child-endangerment statute. (Ill. Rev. Stat. 1981, ch. 23, par. 2354.) Defendants replied, stating that plaintiff Brown, in relying on the statute, improperly pled a cause of action for willful and wanton misconduct.

After argument, the court dismissed the second amended complaint with leave to file a third amended complaint on a theory other than the statutory theory based on the child-endangerment statute. (Ill. Rev. Stat. 1981, ch. 23, par. 2354.) Plaintiffs James and Lottie Kirkwood did not bring an action based on the statutory theory, and did not participate in the motion to dismiss.

Plaintiff Brown filed a third amended complaint, alleging that defendants had a duty to refrain from any conduct which would affect the safety and well-being of the children, willfully and wantonly violated said duty by allowing the children to come into contact with smoking materials, failed to confiscate the smoking materials, left the children unattended in the presence of smoking materials, and left the children unattended in the building so that when the fire broke out, it was allowed to go out of control and entrap the children. Plaintiffs James and Lottie Kirkwood requested and were granted leave of court to file their first amended complaint, which had the same allegations as plaintiff Brown's third amended complaint.

Instead of answering those amended complaints, defendants filed a motion for summary judgment, stating that plaintiffs would not be able to present any competent evidence regarding who started the fire. Defendants' motion cited plaintiff Brown's deposition, in which she testified that on the night of the fire, she left the building for approximately two to three minutes. Before leaving, she told Mabel Lewis, Tommie Levell, Mary Henderson, and her son Michael that she was leaving. James was in his bedroom, Earldean was in the front room, and Mabel Lewis and Michael were in the center room. Charlie and Mary Henderson were on the first floor. Plaintiff Brown told Mary Henderson about the cigarettes that had been left in the front room.

Previously, two of her children, James and Earldean, had played with smoking materials and set two fires in the house in 1973 and 1979. Mary Henderson, Mabel Lewis, Tommie Levell, Charlie Henderson, and Maceo Levell were all aware of those previous fires. All the adults had cautioned the children about playing with matches or lighters. Between 1979 and 1982, there had been no problems with any of the children playing with smoking materials.

In 1982, Tommie Levell, who lived on the second floor, smoked and was in the habit of leaving her smoking materials in the open. Plaintiff Brown stated that Tommie Levell's matches were in the front room prior to the fire. When plaintiff Brown left the building, she did not remove the smoking materials from the front room because she thought the children would not touch them.

Plaintiff Brown further testified that she did not know how the fire started. The only people who possibly knew were Mabel Lewis or Tommie Levell, who were both deceased. Brown stated that Mabel Lewis, before her death, had only a vague remembrance that the fire started in the front room, and Mary Henderson thought that defective electrical wiring caused the fire. No one gave plaintiff Brown any in-

formation that the cause of the fire was from smoking materials. Brown stated that she heard from a friend in the fire department that the fire started in a stuffed chair between the front and center rooms. Plaintiff Brown also testified that she did not know whether the children were playing with smoking materials on the night of the fire.

According to representations made to the trial court, the depositions of the Hendersons indicated that Maceo Levell was also on the second floor at the time of the fire. There was no testimony, affidavits, or sworn statements regarding who remained or left the second floor after plaintiff Brown left.

Plaintiffs filed motions for partial summary judgment on the issue of liability. Plaintiff Brown then filed a motion for leave of court to file her fourth amended complaint and her response to defendants' motion for summary judgment. She also filed a Supreme Court Rule 191(b) affidavit (87 Ill. 2d R. 191(b)), attaching the experts' opinion letters because she was unable to obtain affidavits or depositions of the experts due to their hostility. Defendants filed their reply to plaintiff's responses to the summary judgment motions as well as motions to strike plaintiff Brown's Rule 191(b) affidavit. 87 Ill. 2d R. 191(b).

The opinion letter of J. Mazzone & Associates Ltd. concluded that, according to the information they had, the fire started in a stuffed chair in the open doorway between the front and center rooms, and that the fire was started by careless use of smoking materials by someone in the apartment. The letter also stated that electrical and gas causes were eliminated, and that the fire was caused by children who were left unattended. Further, the letter stated that there was conflicting information from witnesses and firefighters.

The expert opinion of John A. Kennedy and Associates, Inc., stated in their summary report, was that the fire started in a stuffed chair in the doorway between the front and center rooms. They concluded that the cause of the fire was most probably children playing with fire or careless disposal or use of smoking materials.

The deposition of Ward Cook, who was an Evanston fire investigator at the time of the fire, stated that he did not determine the origin of the fire, but speculated that the fire was caused by possible carelessness, possibly by a child playing with matches. Although he was unable to determine the exact cause of the fire, Cook eliminated electrical or gas causes. He determined that the origin was in the doorway one to two feet above the floor. Based on information that the children were left unattended and had set previous fires, Cook stated that his opinion was that the fire was started by a child playing with matches or a lighter.

After arguments, the trial court judge granted the motion to strike the experts' reports because they were not supported by affidavits. Further, without evidence of who started the fire, the trial court stated, establishment of relative duties to plaintiffs would be based on pure speculation and conjecture, which could not sustain a finding in favor of plaintiffs. Although there was a fire and people were injured, the trial court found, everything else was pure speculation. Since a case could not stand on speculation, the trial court granted the summary judgment in favor of defendants. Plaintiffs then appealed.

■ Plaintiff Brown asserts on appeal that the lower court improperly dismissed her second amended complaint because it stated a cause of action for alleged statutory violations based on the child endangerment statute. As defendants correctly contend, plaintiff Brown waived the right to attack on appeal the dismissal of her second amended complaint. (*Henkhaus v. Barton* (1977), 56 Ill. App. 3d 767, 769.) Where the plaintiff elects to plead over rather than stand on the dismissed complaint, the plaintiff is bound by the election and cannot later appeal the dismissal of the original complaint. *Coffey v. MacKay* (1972), 2 Ill. App. 3d 802, 810.

All plaintiffs assert that the trial court improperly struck the reports of defendants' experts, which were attached to plaintiff Brown's Supreme Court Rule 191(b) affidavit in opposition to the motion for summary judgment. In her affidavit, plaintiff Brown stated that she was not able to obtain affidavits from the defendants' experts by reason of their hostility, but that she believed that if sworn, they would testify consistent with their written reports, which stated that their opinions were that the fire started on the second floor and was caused by careless use of smoking materials.

We reject defendants' argument that the reports lacked relevance in determining the motion for summary judgment. Defendants contend that the sole basis for the use of the documents would be for the opinions regarding the cause or origin of the fire, which is not raised in the third amended complaint or the defendants' motion for summary judgment. Defendants state that the crucial issue is who started the fire and whether defendants properly supervised the children, not where the fire started or whether it was caused by carelessness, arson, or other mechanical means.

■ The trial court erred in striking the experts' reports. Although the experts' reports were not party admissions, as plaintiffs contend, affidavits which assert an expert's opinion can be considered during a summary judgment proceeding, even though they consist of conclusions. (*Protective Insurance Co. v. Coleman* (1986), 144 Ill. App.

3d 682, 687-88.) Experts' opinions can be relevant to the cause and origin of the fire.

Furthermore, plaintiff Brown's Rule 191(b) affidavit was properly submitted because it conformed to the requirements of Supreme Court Rule 191(b), which provides for circumstances where affidavits are not obtainable. (87 Ill. 2d R. 191(b).) Therefore, the trial court erred in striking the reports, which were in the form of answers to interrogatories. The error was harmless, however, because consideration of the experts' opinion reports would not have changed the outcome.

Further, plaintiffs contend that the trial court erred in not considering Ward Cook's deposition testimony, which stated that his opinion was that the fire was started by a child playing with matches or a lighter. There is nothing in the record, however, to indicate that the trial court did not consider Ward Cook's deposition.

In arguing that the trial court erred in granting summary judgment in favor of defendants, plaintiffs rely on plaintiff Brown's deposition testimony, Ward Cook's deposition testimony, and the experts' opinion letters. Asserting that it was undisputed that the cause of the fire was careless use of smoking materials, plaintiffs state that defendants were responsible for the fire either because they started the fire or failed to exercise control over the children. Plaintiffs argue that defendants failed to maintain control over the children even though they had the ability and knowledge of the need to prevent them from playing with smoking materials, and failed to remove the smoking materials from the children's reach. Since children participate jointly in activities and cause more mischief in groups than as individuals, plaintiffs contend, the duty to supervise all the children and remove smoking materials arose even though only two of the four children had previously started fires. Consequently, plaintiffs assert, they do not have to prove which specific child or defendant started the fire.

■■ Plaintiffs rely on *Basler v. Webb* (1989), 188 Ill. App. 3d 178, where the court upheld a cause of action for negligence against defendant grandparents of a six-year-old bicyclist who injured a pedestrian because of the bicycle's lack of brakes. The *Basler* court applied section 316 of the Restatement (Second) of Torts, which states:

"A parent is under a duty to exercise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

a. knows or has reason to know that he has the ability to control his child, and

b. knows or should know of the necessity and opportunity for exercising such control." Restatement (Second) of Torts §316 (1965).

The crucial issue, however, is that plaintiffs are unable to establish who started the fire because anyone who may have that knowledge is either dead or was too young to have any memory of the fire. The plaintiffs have no evidence that an adult was negligent in caring for a child. The trial court stated in its ruling:

"We all know what the results were. We all know that there was a fire. We know that people were hurt. But that's all we know, and that's all anybody is ever going to be able to prove. Everything else is pure speculation. This kind of case cannot be based on pure speculation.

Therefore, I see no alternative but to sustain the motion for summary judgment."

According to plaintiff Brown's deposition testimony, there were six people present on the second floor when she left the building: Mabel Lewis, Tommie Levell, and the children, Michael Tyrone Hampton, James Thomas, Earldean Thomas, and Earl Ray Thomas. There is no evidence who entered, remained or left after plaintiff Brown left the building. There is also no evidence regarding who started the fire. Plaintiff Brown specifically states that she has no knowledge as to who started the fire. Although there is speculation that one of the children may have started the fire, there is no evidence which child may have been responsible, if any. Furthermore, there is no evidence that eliminates any of the occupants, including the adults on the second floor, as the person or persons who started the fire. There is also no evidence of negligence on the part of the children or adults.

The purpose of summary judgment is to determine whether a triable issue of fact exists. (*Haberer v. Village of Sauget* (1987), 158 Ill. App. 3d 313, 316.) It may be granted if the pleadings, admissions, affidavits and depositions on file establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (*Gatlin v. Ruder* (1990), 137 Ill. 2d 284, 293; Ill. Rev. Stat. 1981, ch. 110, par. 2—1005(c).) Although the plaintiffs do not have to try their case, they must provide a factual basis which would have arguably entitled them to judgment. *Handy v. Sears, Roebuck & Co.* (1989), 182 Ill. App. 3d 969, 972.

The issue of the existence of a duty is one of law to be determined by the court. (*Curtis v. County of Cook* (1983), 98 Ill. 2d 158,

163.) If no duty exists, no recovery is possible as a matter of law and summary judgment in favor of the defendant is proper. (*Breeze v. Payne* (1989), 181 Ill. App. 3d 720, 727.) The determination that summary judgment is appropriate will not be reversed absent an abuse of the trial court's discretion such that the plaintiffs' right to fundamental justice is violated. *Breeze*, 181 Ill. App. 3d at 727.

■ Summary judgment was proper since plaintiffs did not provide a factual basis which would have arguably entitled them to judgment. The cause and origin of the fire were pure speculation. Although the experts' opinions speculated that the origin of the fire was in the doorway between the front and center rooms, the cause of the fire was even more speculative. At best, the evidence shows that electrical and gas causes were eliminated, two of the children had started fires three and nine years previously, one of the adults smoked and habitually left her smoking materials in the open, the fire was probably started in a stuffed chair between the front and center rooms, and the children were left in the care of some of the adults present in the apartment. There is no evidence determining the cause of the fire.

There can be no judicial determination of the rights or liabilities of the parties because it cannot be determined who started the fire. A verdict cannot be based on guess, speculation, or conjecture. Since plaintiffs did not provide any evidence that would entitle them to recover or create an issue of fact necessitating a trial, summary judgment was proper.

The relative duties owed to each plaintiff must be established to determine whether defendants breached any duties owed. To do so, there must be competent evidence regarding who or what started the fire. Without such proof, plaintiffs would be unable to prevail. Since the issue of who started the fire is crucial to this case, the trial court did not abuse its discretion in granting the summary judgment in favor of defendants.

■ Finally, plaintiffs assert that the trial court erred in denying plaintiff leave of court to file her fourth amended complaint, adding the allegations that defendants could have started the fire. In her reply brief, plaintiff argues that even though she can show that the children started the fire, she can also show that Tommie Levell started the fire if the children did not. Tommie Levell was the only smoker who lived on the first two floors, and she was on the second floor at the time of the fire. Therefore, plaintiff contends, there was a sufficient showing that all defendants were liable for failing to supervise the children and take flammables away from them, or in the alternative, defendant Tommie Levell started the fire.

Defendants respond that plaintiff Brown waived the issue because there is no record of it being presented to the lower court. Although the record contains plaintiff Brown's motion to file a fourth amended complaint, and her response to defendant's motion for summary judgment including mention of her request to file a fourth amended complaint, there is no notice of motion or court order indicating that the motion for leave to file was ever argued or heard by the trial court. The July 13, 1990, and July 20, 1990, transcripts of proceedings make no reference to the motion.

Although there is a record of plaintiff Brown's fourth amended complaint being presented to the trial court, the record does not contain a proposed amendment. The failure to offer a proposed amendment is generally fatal for review of the trial court's ruling. (*Moss v. Gibbons* (1989), 180 Ill. App. 3d 632, 639.) Furthermore, there is nothing in the record to indicate that the motion to amend was ever denied. Consequently, the issue is not properly before this court.

Even if it were, however, plaintiff's argument would fail. She relies on cases where an amendment would cure the complaint's defects. (See *Ruff v. Northwestern Memorial Hospital* (1987), 159 Ill. App. 3d 811; *Trent v. Brasch Manufacturing Co.* (1985), 132 Ill. App. 3d 586; *Village of Pawnee v. Knostman* (1983), 115 Ill. App. 3d 842.) Such an amendment would be proper either before or after entry of a summary judgment. *Siebert v. Continental Oil Co.* (1987), 161 Ill. App. 3d 891, 895.

Contrary to these cases, plaintiff Brown's proposed fourth amended complaint, as presented in her reply brief, would not have cured the deficiency. The amendment did not allege any new evidence which would have been helpful in determining who started the fire. It merely alleged that it did not matter who started the fire.

■ In their reply brief, plaintiffs raise a *res ipsa loquitur* argument for the first time. The issue is waived and cannot be argued for the first time on appeal because it was not raised in the lower court. *In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 279.

In conclusion, the trial court did not err in granting the summary judgment in favor of defendants. Although the experts' reports were improperly stricken, their consideration would not have changed the outcome. Without being able to ascertain who started the fire, there can be no judicial determination regarding what relative duties were owed to plaintiffs.

Although plaintiff Brown testified in her deposition regarding who was present when she left the building prior to the fire, there was no evidence whatsoever regarding who was present in the apartment af-

ter she left. The only persons who possibly had that information are deceased or were too young at the time to testify competently. Therefore, summary judgment in favor of defendants was proper. Furthermore, even if plaintiff Brown's motion for leave of court to file her fourth amended complaint would have been granted, it would not have cured the inherent deficiencies that existed.

For the reasons stated, the circuit court judgment is affirmed.

Affirmed.

WHITE* and GREIMAN, JJ., concur.

---

*Justice White concurred with this opinion prior to his retirement.